36 N.J. Super. 159 (1955)
114 A.2d 873
ERIE RAILROAD COMPANY, A CORPORATION, PLAINTIFF-APPELLANT,
v.
AMERICAN AUTOMOBILE INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 1955.
Decided June 14, 1955.
*160 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. James J. Langan argued the cause for appellant (Messrs. Emory, Langan & Lamb, attorneys; Mr. Charles W. Broadhurst, of counsel).
Mr. John E. Hughes argued the cause for respondent (Messrs. Shaw, Hughes & Pindar, attorneys).
*161 The opinion of the court was delivered by JAYNE, J.A.D.
While the sole inquiry addressed to us for determination is whether the claim asserted by the plaintiff is embraced or excluded by the terms of the insurance policy issued to it by the defendant, some brief informational introduction is appropriate.
On the afternoon of October 21, 1952 a motor truck owned by the plaintiff and loaded with cement blocks was parked on a backward incline at the west end of the Mid-Hudson Warehouse situate on Pavonia Avenue in Jersey City. It was being unloaded by the employees of the plaintiff, among whom was one William Jussell. During the course of this occupation the truck unexpectedly moved backward crushing Jussell between the tailboard of the truck and the warehouse platform.
Jussell thereafter instituted an action against the present plaintiff, Erie Railroad Company, under the provisions of the Federal Employers Liability Act, 45 U.S.C.A. § 51 et seq., to recover compensatory damages for the bodily injuries he sustained in the mishap. Ensuing negotiations effectuated a settlement of the action on January 14, 1954 by the payment by Erie of the sum of $13,000 to Jussell.
Prior to the occurrence of the mishap the defendant had issued to the present plaintiff a policy of a type commonly known as an automobile liability policy relating to the ownership and use of the truck, pursuant to the terms of which the plaintiff notified the defendant of the happening of the mishap and subsequently of the institution of the action by Jussell. In response the defendant informed the plaintiff that indemnification for the liability of the plaintiff to Jussell in such circumstances was expressly excluded by the limitational terms of the policy.
This action was instituted on April 9, 1954 to recover from the defendant the $13,000 with interest previously paid by the plaintiff in settlement of Jussell's cause of action. On January 13, 1955 a summary judgment in favor of the defendant was entered, from which the plaintiff appeals.
*162 Noticeably the policy in coverage designated "A" purports to obligate the defendant to pay all sums which the insured "shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, and arising out of the ownership, maintenance or use of any automobile, including the loading and unloading thereof * * *."
Evident also are the following exclusionary provisions which declare that the policy does not apply:
"(f) * * * to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law;
(g) * * * to bodily injury to * * * any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required * * * under any workmen's compensation law."
After an observant comparison of the quoted exclusions, our attention centers more aptly on the latter designated (g).
It is acknowledged that Jussell was an employee of the insured and that he suffered his bodily injury while engaged in the pursuit of his employment. It is likewise conceded that Jussell was engaged in an employment other than domestic in nature.
While all ambiguities or doubts arising out of the language employed by the insurance carrier in the composition of the policy are resolved in favor of the insured, yet a rational judicial construction which affords a reasonably distinguishable meaning to all of its provisions is preferred to one which regards some as merely repetitious or inexplicable. Heake v. Atlantic Casualty Ins. Co., 29 N.J. Super. 242, 262 (App. Div. 1954), affirmed 15 N.J. 475 (1954).
And so in our study of exclusion (g), we ascribe illuminating significance to the use therein of the particle "or" which is a coordinating particle indicative of an intended alternative. Thus we discern two differentiative parts to exclusion *163 (g) with the distinctive meaning of each quite comprehensible.
Obviously the cogitation attending the composition of both exclusions (f) and (g) concentrated predominantly on the liability of the assured to his employee.
Exclusion (f) encircled "any obligation for which the insured * * * may be held liable under any workmen's compensation law." (Emphasis supplied.) It was doubtless foreseen that an insured might be "held liable" to pay workmen's compensation benefits to one not in his employ. Vide, N.J.S.A. 34:15-79; Bertucci v. Metropolitan Construction Co., 21 N.J. Super. 318 (App. Div. 1952).
The first division of exclusion (g) relates to liability for bodily injury to any employee of the insured while engaged in any employment of the insured other than domestic. Cf. Church v. Consolidated Indemnity & Ins. Co., 12 N.J. Misc. 722 (Sup. Ct. 1934), affirmed 115 N.J.L. 204 (E. & A. 1935).
The second division of exclusion (g) obviously pertains to liability for bodily injury to any employee engaged in the domestic employment of the insured if workmen's compensation benefits are payable or required.
We do not regard these exclusionary provisions as merely repetitive in import and meaning. Each was conspicuously intended to apply to the situation therein stated.
Since it was evident that Jussell was in the employ of the plaintiff in a capacity other than domestic and that he was subjected to bodily injury while pursuing that employment, we conclude upon examination of the provisions of the policy that the judgment in favor of the defendant was proper.
Affirmed.