## KOTICH v. CRITERION INSURANCE CO.
### No. 73-400.
Circuit Court, Escambia County.

May 14, 1973.

Theodore J. Troxel of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for the plaintiff.

Robert P. Gaines of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for the defendant.

ERNEST E. MASON, Circuit Judge.

*Order denying defendant's motion for summary judgment and order granting plaintiff's motion for summary judgment as to liability:* This cause is before the court on motion of the defendant, Criterion Insurance Company, for summary judgment herein on the ground that the pleadings, admissions and deposition of the plaintiff on file herein show that there is no issue of fact to be tried by the triers of the facts.

At the hearing on defendant's motion plaintiff's counsel orally moved for summary judgment on the issue of liability and both counsel indicated to the court that the court should rule both upon the written motion of the defendant and the oral motion of the plaintiff, and grant summary judgment accordingly.

The record before the court discloses that on February 11, 1972, the plaintiff, while operating a motor vehicle owned by a third party which was insured by the defendant insurance company, was involved in a collision with another motor vehicle, and she sues on the theory that she is entitled to recover certain benefits under the Florida No-Fault Insurance Act, more specifically entitled "Florida Automobile Reparations Reform Act." To the complaint the defendant insurance company filed an answer denying liability on the ground that the plaintiff at the time of the collision was the owner and registrant of a motor vehicle required to be registered and licensed in the state of Florida, and that because of such fact she is barred from recovering under the provisions of the defendant's policy covering the owner of the automobile being driven by her at the time.

The record further discloses that at the time of the incident complained of plaintiff owned a 1967 Rambler sedan which was registered at the time with the Florida Motor Vehicle Department and which carried a current license tag. The record further discloses that at the time of the incident complained of and for some three or four months prior thereto the Rambler automobile was inoperable, primarily due to a broken transmission, and that because of said fact was parked at the place of residence of the plaintiff. The plaintiff in her deposition stated that because of the inoperable condition of the automobile she had cancelled an existing liability insurance policy upon the same, and that at the time of the incident complained of said Rambler automobile was uninsured. It had been uninsured some four or five months prior to the incident complained of.

The court's decision turns upon the proper construction of certain sections of the no-fault law as well as certain sections of the Motor Vehicle Registration and Licensing Act.

§627.733(1) provides that every owner or registrant of a motor vehicle required to be registered and licensed in this state shall maintain in effect security as required by subsection (3) of said section continuously throughout the registration or licensing period.

Subsection (3), supra, requires that such security shall be provided by insurance with respect to such motor vehicle as evidenced by an insurance policy issued by an authorized insurer, or by any other method approved by the State Department of Insurance. If provided by such insurance policy, such policy shall be deemed to provide insurance for the payment of the benefits provided in §627.736 of the no-fault act.

Subsection (4) of said §627.736 provides that the benefits due from an insurer shall be primary and shall be due and payable as loss accrues.

Paragraph (d) of said subsection (4) provides that the insurer of the owner of a motor vehicle shall pay personal injury protection benefits, among other things, *for accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle, provided the injured person is not himself the owner of a motor vehicle with respect to which security is required under §627.733.* (Italics added.)

To determine whether plaintiff was covered by the defendant's policy at the time of the incident complained of resort must be had to the Motor Vehicle Registration and Licensing act. §320.02 of said act provides that every owner of a motor vehicle which shall be operated or driven upon the highways of the state, or which shall be maintained in this state, shall register such motor vehicle for licensing purposes. As stated above, plaintiff's Rambler automobile was registered and licensed at the time of the incident, but was not covered by liability insurance. The question then resolves itself into a construction of the word "maintained" as it is used in this §320.02. More particularly, it is necessary for the court to determine whether a passenger automobile such as was the plaintiff's Rambler, which was inoperable at the time of plaintiff's injury was *required* to be registered and licensed. The fact that it was actually registered and licensed is immaterial in determining whether the plaintiff was required to have the security provided in §627.733 because the last cited section places the responsibility upon the owner of a motor vehicle to provide the security therein required only if the owner vehicle is *required to be registered and licensed.* The answer to the problem is, in the opinion of the court, found in the definition of the term "motor vehicle", which is set forth in the Registration and Licensing law, viz: §320.01. The last-named section states that the phrase "motor vehicle" includes "(a) automobiles, motorcycles, motor trucks, trailers, semitrailers, tractor

trailer combinations and all other vehicles operated over the public streets and highways of this state and used as a means of transporting persons or property over the public streets and highways and propelled by power other than muscular power, but does not include traction engines, road rollers, and such vehicles as run only upon a track."

It is the opinion of the court that the phrase "which shall be operated or driven upon the highways of the state, or which shall be maintained in this state" as included in §320.02 must be construed in the light of the definition of a motor vehicle as that phrase "motor vehicle" is defined in §320.01, supra. It is true, that the word "maintained" has been defined in several contexts. In some instances the word has been defined to mean simply to possess, in other instances the word has been defined to mean practically the same thing as "repair", which means to restore to a sound or good state after decay, injury, dilapidation or partial destruction. It is the court's view that the phrase "maintained in this state" as used in §320.02 should be construed to mean not only to have or possess or to be kept in this state, but to mean that the motor vehicle is to be kept in a state such as to permit it to be operated over the highways of the state. In other words, it is the view of the court that the mere possession of a motor vehicle which is inoperable does not obligate the owner thereof to register it or to license it, but that the obligation so to do occurs only when the vehicle is in an operable condition.

It is the view of the court that the purpose of the no-fault insurance law is to assure the victim of an automobile accident the benefits of the law regardless of fault and that the right to such benefits accrues only as a result of the operation of a motor vehicle, and that security required by §627.733 is required only of owners who have in their possession a motor vehicle which is capable of being operated over the highways of this state. This seems to be evident from the definition of "motor vehicle" as that term is defined in the registration and licensing act.

It is interesting to note that the State Department of Insurance, in construing this act, the provisions of which it is obligated to enforce, has held in Bulletin No. 559 that a motor vehicle not in operating condition is not subject to the registration tax imposed by the motor vehicle licensing laws (Chapter 320, F. S.). It is true that this court is not bound by the administrative construction, but it is an elementary principle of statutory construction that an interpretation placed on a statute by the proper administrative officer charged with the enforcement thereof is persuasive and entitled to great weight, and will not be overturned except for the most cogent reasons, and unless clearly erroneous, unreasonable or in conflict

with the plain intent of the statute (30 Fla. Jur., *Statutes,* §103, page 206).

In summary, the court holds that in order to secure the benefits of the no-fault act for the injuries sustained by the plaintiff growing out of a collision between the automobile of another party operated by her at the time and another vehicle, it is not necessary that she have the security required by §627.733 to cover her inoperable automobile. Consequently, it is the opinion of the court that the motion of the defendant insurance company for summary judgment should be denied, and the oral motion of the plaintiff on the issue of liability be granted, and that the cause proceed henceforth upon the question of damages.

It is so ordered.