328 So.2d 241 (1976)
Odell STALEY, Appellant,
v.
FLORIDA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.
No. Y-260.
District Court of Appeal of Florida, First District.
March 10, 1976.
*242 Jackson G. Beatty of Gregory, Towles, Beatty & Hood, Tallahassee, for appellant.
Michael L. Granger and E. Harper Field of Keen, O'Kelley & Spitz, Tallahassee, for appellee.
BOYER, Chief Judge.
Appellant, the owner of an automobile required to be registered and licensed in Florida, failed to obtain an insurance policy or otherwise maintain the security required in respect to that automobile by the Florida Automobile Reparations Reform Act, § 627.733 et seq., F.S. 1973. While riding as a passenger in an automobile owned and operated by one George Caldwell, appellant was injured in a collision in which his uninsured automobile was not involved. Caldwell had insured his car, as required by the Act, with appellee Florida Farm Bureau Mutual Insurance Company ("the Company"), which denied appellant's claim for personal injury protection benefits under Caldwell's policy on the ground that the passenger (appellant), as the owner of an automobile in respect to which security was required, was made ineligible for benefits under Caldwell's policy by operation of § 627.736(4)(d) 4a, F.S. 1973. That subsection provides, in relevant part:
"(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
......
"4. Accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle ..., provided the injured person is not himself:
"a. The owner of a motor vehicle with respect to which security is required under [this Act] ..."
The trial court dismissed with prejudice appellant's complaint against the Company *243 for personal injury protection benefits, holding that the statute excludes appellant from participation in the benefits afforded under Caldwell's policy. Appellant, who declined an opportunity to amend, now appeals from the final judgment entered on the dismissal of his complaint.
The law is well settled that in ruling upon a motion to dismiss a complaint the trial court is confined to the allegations of the complaint. (Dawson v. Blue Cross Association, Fla.App.1st 1974, 293 So.2d 90; and Thomas v. Rollins, Fla.App. 1st 1974, 298 So.2d 186) Sub judice, appellant alleged that at the time of the subject accident he was the "owner" of an automobile which was not insured, which automobile "was not being operated at the time of the accident nor was it in anyway connected with or related to the occurrence of the aforesaid accident." Had appellant alleged that said automobile was not "operable" as distinguished from "not being operated", an entirely different situation would have been presented. In order to arrive at the conclusion reached by the learned trial judge, it is imperative that: (a) Appellant's vehicle shall have been one "required to be registered and licensed in Florida" (see F.S. 320.35), and (b) appellant shall have been the owner of a motor vehicle "with respect to which security is required under [this Act]" (see F.S. 627.736(4)(d) 4 a.)
Had appellant's motor vehicle been inoperable or had it been in storage it would not have been a vehicle required to be registered and licensed in Florida. Even if it had in fact been licensed but inoperable or stored it would not have been a motor vehicle with respect to which security is required under the Act. Further, had appellant's motor vehicle been one operated exclusively on private property (as distinguished from "over the public streets or highways of this state") it would not have come within the definitional requirement of F.S. 320.35 as being required to be registered and licensed in the State.
However, F.S. 627.736(4)(d) 4 a unambiguously denies to an injured passenger in an insured car the personal injury protection benefits otherwise afforded by the owner's policy if the injured passenger himself owns a motor vehicle which is required to be registered and licensed in Florida. The Act remits the injured passenger to benefits afforded by the policy which he necessarily obtained to satisfy Act requirements in respect to his own motor vehicle. Sec. 627.736(4)(d) 1, F.S. 1973. If the injured passenger has omitted to provide the required security, he is without recourse for personal injury protection benefits.
Farley v. Gateway Ins. Co., Fla.App.2d 1974, 302 So.2d 177, relied on by appellant, interpreted a materially different provision of the Act and cannot be applied to govern the decision in this case. There, the injured passenger to whom the owner's insurer wished to deny personal injury protection benefits by virtue of § 627.736(4)(d) 4 b was held entitled to the payment of such benefits by the owner's insurer notwithstanding that the passenger was conceivably "entitled to collect personal injury benefits from" his stepfather, who owned an uninsured motor vehicle and therefore became a self insurer. Sec. 627.733(4), F.S. 1971) The court there held that the policy of the Act was to shift the burden of Farley's injury not to his stepfather but to a compensated seller of automobile insurance.
Under the facts of this case, as alleged in appellant's complaint, and as hereinabove recited, the able trial judge did not err.
Affirmed.
SACK, MARTIN, Associate Judge, concurs.
SMITH, J., concurring with opinion.
SMITH, Judge (concurring):
*244 Because appellant does not contest that his automobile was one required to be registered and licensed in Florida under § 320.35, F.S., and is therefore a vehicle in respect to which security is required by § 627.733(1), F.S., I agree to the conclusion and with much that is said in the majority opinion. I do not necessarily agree with the obiter dicta in that opinion to the effect that appellant's vehicle would not have required registration and licensing had it been inoperable or in storage. I can readily conceive of circumstances in which a motor vehicle may be temporarily inoperable or in storage and yet still be subject to registration and licensing. I would await cases presenting those questions before deciding them.