330 So.2d 475 (1976)
Margaret TAPSCOTT, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INS. CO., Appellee.
No. Z-470.
District Court of Appeal of Florida, First District.
April 20, 1976.
*476 Richard B. Rosier of Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for appellant.
John L. Graham of Landis, Graham, French, Husfeld, Sherman & Ford, DeLand, for appellee.
SMITH, Judge.
Summary judgment was entered against appellant Margaret Tapscott on her claim against State Farm for personal injury protection benefits payable under the Florida Automobile Reparations Reform Act, § 627.730 et seq., F.S. 1975, and State Farm's policy insuring an automobile owned by appellant's father, in whose household she lived. While driving her father's car, appellant was injured in an accident. The trial court held that § 627.736(4)(d)3, F.S. 1975, disentitles appellant to benefits under her father's State Farm policy because appellant was herself "the owner of a motor vehicle with respect to which security is required," i.e., the owner of a vehicle "required to be registered and licensed." Sec. 627.733(1), F.S. 1975. Appellant has no other source of personal injury protection benefits because her estranged husband cancelled the insurance on her automobile. Ms. Tapscott appeals the adverse summary judgment, asserting that her automobile was not one required to have been registered because it had been disabled with clutch and transmission problems for four days prior to her accident.
This Court confirmed in Staley v. Florida Farm Bureau Mut. Ins. Co., 328 So.2d 241 *477 (Fla.App. 1976), that only those motor vehicles which are required by Florida law to be registered are subject to the security requirements of the Automobile Reparations Reform Act. The owners of such vehicles, and those alone, are excluded from the benefits afforded by § 627.736(4)(d)3. As Circuit Judge Mason held in Kotich v. Criterion Ins. Co., 38 Fla. Supp. 199 (C.C. Escambia Co., 1973), there are no registration or security requirements for motor vehicles which are neither operated over the public streets or highways of Florida nor maintained for that purpose. Secs. 320.01(1)(a), 320.02(1), 320.35, F.S. 1975. We agree with Judge Mason that Florida's motor vehicle registration requirements apply to vehicles "maintained" for operation on Florida's public streets and highways. Sec. 320.02(1), F.S. 1975; Kotich, supra, 38 Fla. Supp. at 202. It follows that a vehicle previously required to be registered is excused from registration requirements, and its owner is correspondingly excused from the security requirements of § 627.733(1), when the owner no longer "maintains" the vehicle in order to operate it on public streets and highways.
Although the Tapscott automobile was temporarily inoperable and in need of repair, there was no claim in this case, nor any basis for appellant claiming, that she had abandoned her automobile as a means of transportation on public streets and highways. The insurance on her car was cancelled for reasons unconnected with its inoperability. The car was inoperable for only four days before her injury, and neither in that period nor afterward did appellant evidence an intention no longer to maintain her automobile for its usual purpose. After recovery from her injuries, appellant repaired and reinsured her car.
Because appellant owned a motor vehicle for which security was required by § 627.733(1), F.S. 1975, the Act required that appellant provide her own personal injury protection benefits insurance. The summary judgment entered for State Farm is
AFFIRMED.
RAWLS, Acting C.J., and SWIGERT, WILLIAM T., Sr., Associate Judge, concur.