338 So.2d 70 (1976)
Alfonso WILLIAMS, Appellant,
v.
LEATHERBY INSURANCE COMPANY, Appellee.
No. 75-1598.
District Court of Appeal of Florida, Third District.
September 28, 1976.
*71 Carl M. Sugarman, Miami, for appellant.
Prunty, Ross, DeLoach & Olsen, Miami, for appellee.
Before HENDRY and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
NATHAN, Judge.
Plaintiff, Alfonso Williams, appeals from a summary final judgment in favor of the defendant, Leatherby Insurance Company, in an action for personal injury protection benefits under a policy of insurance issued by Leatherby to plaintiff's sister, Betty Jean Williams, under the Florida Automobile Reparations Reform (No-Fault Insurance) Act.
At all times material, Alfonso Williams was a resident of the household and resided with his sister, Betty Jean, who had nofault insurance for her car. On December 2, 1974, Nandor Sechney gave Alfonso a station wagon to drive on an errand. An accident occurred, Alfonso was injured, and he incurred medical bills and lost wages. He filed suit seeking to recover personal injury protection benefits under his sister's policy, under a provision allowing coverage for members of the insured's household. The record reflects that at the time of the accident, Alfonso owned a 1968 Oldsmobile, registered in his name, but uninsured. More than two months before the accident, the transmission "gave out" and the car could not be driven. It was pushed to Alfonso's mother's house for storage, and was not repaired until after the accident.
Defendant Leatherby Insurance Company filed an answer to the complaint denying the plaintiff's allegations and stating that the plaintiff is barred from recovering nofault benefits under the policy of his sister, Betty Jean, since plaintiff himself was the owner of a motor vehicle with respect to which security is required under the Florida Automobile Reparations Reform Act. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of defendant Leatherby, and this appeal ensued.
The pivotal question is whether, under these facts, Section 627.733, Florida Statutes, requires security for a licensed and registered motor vehicle which is temporarily inoperable or in storage.
Section 627.733(1), entitled "Required Security," states as follows:
"Every owner or registrant of a motor vehicle required to be registered and licensed in this state shall maintain security as required by subsection (3) of this section in effect continuously throughout the registration or licensing period." (emphasis added)
The language of this section clearly states that security shall be maintained "continuously throughout the registration or licensing period," and in our opinion means that the owner of an automobile is required to obtain security at the time of acquisition and to maintain coverage throughout the *72 registration and licensing period. The record shows that plaintiff Alfonso Williams did not have such coverage, and did not obtain it until after the accident. The temporary immobility of his automobile should not eliminate his legal obligation as the owner, to obtain insurance prior to the car becoming disabled.
We recognize the apparent conflict between this holding and the recent decision of our sister court in Staley v. Florida Farm Bureau Mutual Insurance Company, 328 So.2d 241 (Fla.App. 1st 1976), but we reconcile the difference by virtue of the concurring opinion of Judge Smith as follows:
"I can readily conceive of circumstances in which a motor vehicle may be temporarily inoperable or in storage and yet still be subject to registration and licensing."
The circumstances of this case are that Williams' automobile had been continuously driven for almost a year prior to the accident, and it was licensed and registered at the time of the accident. The fact that it was temporarily immobile and inoperable has no effect on Section 627.733(1), Florida Statutes, or on the requirement for security under this set of facts.
Accordingly, there was no genuine issue of any material fact relating to liability, and defendant Leatherby was entitled to judgment as a matter of law.
Affirmed.