342 So.2d 551 (1977)
Fernando TAVARES, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 76-114.
District Court of Appeal of Florida, Third District.
February 15, 1977.
*552 Pelzner & Schwedock, Miami, for appellant.
McCormick, Bedford & Backmeyer, Miami, for appellee.
Before HAVERFIELD and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This case is an appeal from an order dismissing a petition for declaratory relief in which petitioner, Fernando Tavares, sought a declaration of rights concerning coverage in an insurance contract. The petitioner Tavares has appealed the dismissal of this petition against the defendant, Allstate Insurance Company.
The issue presented for review is whether a bona fide dispute over personal injury protection coverage in an insurance contract is a proper subject for entertaining a petition for declaratory judgment relief under Chapter 86, Florida Statutes (1975). We hold that it is and reverse.
In the instant case the petitioner Tavares filed an amended petition for declaratory judgment relief in the Circuit Court of Dade County under Chapter 86, Florida Statutes (1975), alleging that on a certain date he was injured in an automobile accident while driving an automobile owned by one Beatriz Padinha with her consent and insured by defendant Allstate Insurance Company. Petitioner Tavares further alleged that he had made a demand upon the defendant Allstate Insurance Company for personal injury protection benefits pursuant to the Florida Automobile Reparations Reform (No-Fault Insurance) Act, Section 627.730, 627.741, Florida Statutes (1975), and that Allstate had refused to pay such benefits. Tavares finally alleged that at the time of the accident he was the owner of an uninsured 1967 Lincoln Continental automobile, that the automobile was undergoing extensive repairs in a garage and was not in driveable condition mechanically, and that he was attempting to sell the automobile and did not intend to operate it. The petitioner Tavares demanded that the court declare the rights of the parties relative to the contract of insurance, plus judgment for costs and reasonable attorney's fees.
The defendant Allstate filed a motion to dismiss the amended petition asserting as grounds inter alia that the petition failed to comply with the legal requirements of Chapter 86, Florida Statutes (1975). The lower court granted the motion solely on this narrow ground. The petitioner Tavares contends on appeal that the lower court erred in dismissing the petition for declaratory relief. We agree.
The Florida Supreme Court in the leading case of May v. Holley, 59 So.2d 636, 639 (Fla. 1952), states the controlling law on the requirements necessary for entertaining a petition for declaratory judgment relief under *553 Chapter 86, Florida Statutes (1975), as follows:
"Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts."
Based on the above criteria, bona fide disputes over the coverage of an insurance policy have been traditionally considered a proper subject for declaratory judgment relief. Perez v. State Automobile Insurance Assn., 270 So.2d 377 (Fla. 3d DCA 1972); Jones v. Amsterdam Casualty Co., 213 So.2d 502 (Fla. 3d DCA 1968); Zeagler v. Commercial Union Insurance Co. of New York, 166 So.2d 616 (Fla. 3d DCA 1964); Cruger v. Allstate Insurance Co., 162 So.2d 690 (Fla. 3d DCA 1964). The fact that the declaration of rights requested may result in a judgment against the interest of the complaining party does not destroy the complainant's right to such declaration. May v. Holley, 59 So.2d 636, 639 (Fla. 1952). The test of the sufficiency of the complaint in a declaratory judgment proceeding is not whether the complaint shows that the petitioner will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445, 448 (Fla. 1952).
In the case at bar, the petition for declaratory judgment relief presents a bona fide dispute over coverage in an insurance contract which should have been entertained by the lower court on its merits. All of the criteria necessary for entertaining a petition for declaratory judgment relief as stated in May v. Holley, 59 So.2d 636, 639 (Fla. 1952), are clearly satisfied by Tavares' petition herein.
In so holding, we express no opinion as to whether the petitioner Tavares is entitled to personal injury protection benefits under the defendant Allstate's insurance policy. The fact that the petition for declaratory judgment relief must be entertained by the court below does not necessarily mean that the petitioner Tavares is entitled to a judgment in his favor. Nor does it mean that the defendant Allstate is entitled to judgment in his favor. It only means that the lower court should entertain the petition for declaratory judgment on its merits and declare the rights of the respective parties by construing the insurance coverage question presented by the petition.
On remand, the court below should consider, but is not limited to, the following authorities in declaring the rights of the parties: Section 627.736(4)(d)4 a, Florida Statutes (Supp. 1976); Section 320.02, Florida Statutes (1975); Williams v. Leatherby Insurance Company, 338 So.2d 70 (Fla. 3d DCA 1976); Staley v. Florida Farm Bureau Insurance Co., 328 So.2d 241 (Fla. 1st DCA 1976); Tapscott v. State Farm Mutual Insurance Co., 330 So.2d 475 (Fla. 1st DCA 1976); Kotich v. Criterion Insurance Company, 38 Fla. Supp. 199 (1st Cir.Ct. 1973).
The order dismissing the petition for declaratory judgment relief is reversed and the cause remanded for further proceedings not inconsistent with this opinion.