376 So.2d 473 (1979)
Wayne MALEN, Appellant,
v.
AMERICAN STATES INSURANCE COMPANY, Appellee.
No. MM-299.
District Court of Appeal of Florida, First District.
November 7, 1979.
John C. Cooper of Douglass, Powell & Davey, Tallahassee, for appellant.
Frank J. Santry of Keen, O'Kelley, Field & Ellis, P.A., Tallahassee, for appellee.
SHIVERS, Judge.
Malen, injured in an accident while driving a vehicle owned by Diane Loos, seeks review of a final judgment dismissing with prejudice his claim against American States Insurance Company for personal injury protection benefits under an automobile insurance policy issued to Diane Loos. The trial court held that Section 627.736(4)(d)4a, Florida Statutes (1975), disentitles Malen to benefits since he was "the owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741 ..." We reverse.
At the time of the accident, February 28, 1976, Malen was the registered owner of an uninsured inoperable 1964 Mercedes Benz. Malen had operated this vehicle from the time of purchase in 1974 until November, 1975 when it developed transmission problems and was taken to a repair shop. Because the necessary repairs were determined to be too expensive, the vehicle was left unrepaired at the repair shop and Malen decided to try to sell the vehicle "as is". The vehicle remained at the shop until May, 1976 when it was sold, repairs not having been made until around that time.
*474 Whether Malen's vehicle was one required to be insured at the time of his accident is dependent upon whether the vehicle was being "maintained" for operation over the public streets or highways of Florida. Tapscott v. State Farm Mutual Automobile Insurance Co., 330 So.2d 475 (Fla. 1st DCA 1976). In Ward v. Florida Farm Bureau Casualty Insurance Company, 375 So.2d 898 (Fla. 1st DCA 1979), Opinion filed October 17, 1979, LL-274, we held that an automobile which had been disabled and left unrepaired due to lack of financial resources for nearly four months prior to the accident and for which the registration and license had been allowed to lapse due to the vehicle's inoperability was not one being maintained for operation on the streets and highways. Similarly, we find that Malen's vehicle was not one being maintained for operation on the streets and highways for which security was required under Section 627.730, et seq., Florida Statutes (1975). Accordingly, the final judgment dismissing Malen's claim with prejudice is reversed and the cause is remanded for further proceedings consistent herewith.
ERVIN, Acting C.J., and BOOTH, J., concur.