PER CURIAM.
We affirm, as we did in Johns v. Nationwide Mutual Insurance Company, 375 So.2d 320 (Fla.2d DCA 1979), based on the reasoning in Williams v. Leatherby Insurance Company, 338 So.2d 70 (Fla.3d DCA 1976), cert. denied, 345 So.2d 429 (Fla.1977). We cannot, as appellant urges, subscribe to the view that in every instance in which a motor vehicle is inoperable, its owner need not maintain security as required by Section 627.733, Florida Statutes (1977). See Sherman v. Reserve Insurance Company, 350 So.2d 349 (Fla. 4th DCA 1977); nor can we formulate, as both parties request, a hard and fast rule applicable to all situations involving the question of whether security is required. That question is essentially one of fact and for the trial court to resolve. Compare Tapscott v. State Farm Mutual Automobile Insurance Company, 330 So.2d 475 (Fla. 1st DCA 1976), and Ward v. Florida Farm Bureau Casualty Insurance Company, 375 So.2d 898 (Fla.1st DCA 1979).
AFFIRMED.
RYDER, Acting C. J., and DANAHY and CAMPBELL, JJ., concur.