453 So.2d 920 (1984)
FORTUNE INSURANCE COMPANY, Appellant,
v.
Gunter P. OEHME, Appellee.
No. 83-983.
District Court of Appeal of Florida, Fifth District.
August 9, 1984.
Mark S. Walker of Robert E. Austin, Jr., P.A., Leesburg, for appellant.
H. Terrell Griffin of Lawrence, Griffin & Landis, Orlando, for appellee.
SHARP, Judge.
Fortune Insurance Company appeals from a final judgment, rendered after a non-jury trial, holding it liable to Gunther Oehme for $10,000.00 personal injury protection benefits and other costs pursuant to *921 an automobile insurance policy issued to its insured, Mark Daigle. The sole issue at trial and on appeal is whether Oehme should be disqualified from coverage under the Florida Automobile Reparations Reform Act[1] because at the time of the accident he owned an uninsured pickup truck. We affirm.
Oehme was injured on February 10, 1982, when he was walking along the side of a road and was hit by Daigle's automobile. At that time Oehme owned a 1973 Chevrolet pickup truck which was not then covered by any insurance policy. His insurance policy on the truck was cancelled by the insurance company on September 25, 1981, due to Oehme's failure to pay the premiums. Oehme was unaware of the exact date it was cancelled, or even that it was cancelled, at the time of the accident.
Oehme testified he stopped driving his truck in September or October of 1981. The clutch was broken and he had no money to pay for repairs. He also lost his drivers license approximately a month later because of a DWI charge. No one else in his household could drive. Because of these factors, Oehme parked the truck in his backyard and jacked-up the front wheels. There the truck remained for one year.
At the time of the accident, Oehme's truck was licensed and registered. However, Oehme allowed both to lapse on his birthday in April of 1982, because the truck was not being driven. In June 1982, Oehme paid his insurance company $90.00 to reinstate his insurance policy. After Oehme had his license restored in October 1982, he repaired his truck for $130.00, and obtained a current license and registration for the truck. He testified that he had no intent to drive his truck until he got his license restored and could borrow enough money to fix the clutch.
The question in this case is whether Oehme's truck, at the time of the accident, was a "motor vehicle with respect to which security is required under ss. 627.730  627.741... ."[2] If so, Oehme would be barred from claiming personal injury protection coverage under Daigle's insurance policy. Williams v. Leatherby Insurance Company, 338 So.2d 70 (Fla. 3d DCA 1976); Tapscott v. State Farm Mutual Automobile Insurance Company, 330 So.2d 475 (Fla. 1st DCA 1976).
In making such a determination, the Florida courts turn to the definitions of motor vehicle in Chapter 320 of the Florida Statutes (Motor Vehicle Licenses). Ward v. Florida Farm Bureau Casualty Insurance Company, 375 So.2d 898 (Fla. 1st DCA 1979); Sherman v. Reserve Insurance Company, 350 So.2d 349 (Fla. 4th DCA 1977). The Automobile Reparations Reform Act requires insurance in this context for "[e]very owner or registrant of a motor vehicle required to be registered and licensed in this state... ." § 627.733(1), Fla. Stat. (1981). Section 320.02(1), Florida Statutes (1981), in turn requires registration for motor vehicles "which shall be operated or driven upon the highways of the state, or which shall be maintained in this state... ." Section 320.01(1)(a), Florida Statutes (1981), defines "motor vehicle" as "vehicles operated over the public streets and highways of this state and used as a means of transporting persons or property over the public streets and highways and propelled by power other than muscular power... ."
The determination of whether a truck or car in a dilapidated or inoperable condition is a motor vehicle within the meaning of Chapter 320 is, in most cases, a question of fact where there is conflicting evidence or inferences. Bedgood v. Hartford Accident and Indemnity Company, 384 So.2d 1363 (Fla. 1st DCA 1980); Denmark v. Nationwide Mutual Fire Insurance Company, 384 So.2d 912 (Fla. 2d DCA 1980). Appellate courts cannot devise any bright line rules to apply in all cases. They can, however, outline general factors *922 to be weighed and considered by the trier of fact.
We adopt Judge Ervin's analysis of this issue in Bedgood. He listed as material considerations: the inoperability of the vehicle; the length of time the vehicle was inoperable before the accident; the extent of the inoperability of the vehicle; whether the vehicle was in storage before it was repaired; and the owner's subjective intent to maintain the vehicle for use on the public streets. Other cases suggest as relevant considerations: whether the vehicle was currently registered and licensed at the time of the accident,[3] and whether the insurance was allowed to lapse due to factors relating to the inoperability of the vehicle.[4] No one of these factors should be controlling, nor is the list exclusive.
We think the evidence in this case supports the trial judge's ruling that Oehme's truck was not a motor vehicle required to be registered in Florida at the time of the accident, in spite of the presence in this case of some adverse factors. At the time of the accident Oehme's truck was currently registered and licensed. Those were fortuitous circumstances in this case, however, because they were in effect when the truck became inoperable, and they were allowed to lapse at the next possible date on Oehme's birthday. Although the clutch repair was relatively minor in terms of dollars and labor ($130.00) as automobile repairs go today, the sum was not minor to Oehme. He testified he did not have the cash to pay for the clutch repair until September of 1982. There was no evidence to refute this conclusion. Finally, although the insurance lapsed for reasons other than the inoperable condition of the truck, (i.e., Oehme's inadvertence), that is consistent with Oehme's intent to abandon the truck as a motor vehicle.
The strongest factors in this case showing abandonment of the truck as a vehicle were that Oehme withdrew it from operation on the public streets and put it in "storage" in his backyard for a substantial period of time. See Ward; Staley v. Florida Farm Bureau Mutual Insurance Company, 328 So.2d 241 (Fla. 1st DCA 1976). Further, Oehme testified that he had no intention of driving his truck or having it driven until his driver's license was restored and the clutch was repaired. This evidence supports the trial judge's conclusion that, at the time of the accident, Oehme had abandoned the use of the truck as a motor vehicle within the meaning of Chapter 320, and accordingly, the judgment appealed is
AFFIRMED.
COBB, C.J., and COWART, J., concur.
NOTES
[1] § 627.730-627.741, Fla. Stat. (1981).
[2] § 627.736(4)(d)4.a., Fla. Stat. (1981).
[3] Malen v. American States Ins. Co., 376 So.2d 473 (Fla. 1st DCA 1979).
[4] Tapscott v. State Farm Mut. Auto. Ins. Co., 330 So.2d 475 (Fla. 1st DCA 1976).