211 N.J. Super. 515 (1986)
511 A.2d 1301
STEPHEN KENNEDY, PLAINTIFF,
v.
ALLSTATE INSURANCE COMPANY; ONE STOP INSURANCE CENTER; MAJIED INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
Decided March 11, 1986.
*516 James Berube, for plaintiff (Widman & Cooney, attorneys).
John L. McDermott, for defendant Allstate Insurance Company (Mc Dermott, Mc Gee & Ruprecht, attorneys).
*517 SELIKOFF, J.S.C.
This matter arises out of a one-car accident occurring on March 2, 1985, in which plaintiff, Stephen Kennedy, suffered severe injuries. At the time of the accident, plaintiff was operating a car owned by Eddie Thompson and insured by defendant, Allstate Insurance Company. As a result of the accident, plaintiff has been diagnosed as quadriplegic, and has incurred medical bills in excess of $200,000 to date.
It is alleged that just prior to the accident, plaintiff had purchased insurance on a vehicle owned by himself from Aetna Life and Casualty Insurance Company through its agents, co-defendants Majied Insurance Company and One Stop Insurance Center. Plaintiff seeks PIP coverage from Allstate under the Allstate policy on the Thompson vehicle or under policy coverage obtained on his own vehicle. Defendant insurance companies have denied responsibility for payment of medical expenses incurred from this accident. Plaintiff moves by way of an order to show cause to expedite the hearing and decision in this action for PIP benefits so that medical care required by plaintiff will not be interrupted.
Defendant Allstate contends that plaintiff was not insured under the policy covering the automobile owned by Eddie Thompson which was being driven by plaintiff at the time of the accident. Specifically, the policy covering the Thompson vehicle contains an exclusion for PIP coverage which provides:
The insurance under this endorsement does not apply to bodily injury:
(b) to any person, who at the time of the accident, was the owner or registrant of a private passenger automobile registered or principally garaged in New Jersey that was being operated without personal injury protection coverage.
This exclusion conforms with the provisions of N.J.S.A. 39:6A-7(b)(1), which also provides:
b. An insurer may also exclude from section 4 and section 10 benefits any person having incurred injuries or death, who, at the time of the accident:
(1) Was the owner or registrant of an automobile registered or principally garaged in this State that was being operated without personal injury protection coverage....
*518 Allstate asserts that at the time of the accident on March 2, 1985, plaintiff was the owner of a 1982 Oldsmobile registered and garaged in New Jersey but which was uninsured. Plaintiff admitted during depositions that he had operated his vehicle up until the time of the accident. Therefore, Allstate has denied coverage to plaintiff pursuant to the policy exclusion.
Noting that a question of fact exists as to whether the vehicle owned by plaintiff was insured at the time of the accident, plaintiff argues that the policy and statutory exclusion does not apply to the facts of this case insofar as plaintiff's vehicle was not directly involved in the subject accident.
Hence, the controlling issue to be decided here is one of statutory interpretation. Plaintiff interprets the language of N.J.S.A. 39:6A-7(b)(1) as only excluding coverage to an owner or registrant of an automobile registered or principally garaged in this State which was being operated without PIP coverage at the precise time of the accident. To the contrary, defendant Allstate's interpretation would merely require that the vehicle was being driven without PIP coverage sometime prior to the time of the accident, in order for the exclusion to be applicable. There is no prior case law regarding this portion of the statute, nor is there any legislative history or comments to offer interpretative guidance. Reliance must therefore be placed upon principles of statutory construction.
As a fundamental concept, exclusionary language of an insurance policy is to be afforded strict interpretation. Butler v. Bonner & Barnewall Inc., 56 N.J. 567, 576 (1970). Although all ambiguities in policy language are to be resolved in favor of the insured, a rational judicial construction is preferred. Erie R. Co. v. American Automobile Ins. Co., 36 N.J. Super. 159, 162 (App.Div. 1955). The clear import and intent of the policy exclusion may not be disregarded. Westchester Fire Ins. Co. v. Continental Ins. Co., 126 N.J. Super. 29, 41 (App.Div. 1973), aff'd 65 N.J. 152 (1974).
However, where the language of an exclusionary clause in an insurance policy is identical to the corresponding *519 statutory language, the rule of construction against the insurer is not necessarily applicable. American Paint Service, Inc. v. Home Insurance Co. of N.Y., 246 F.2d 91 (3rd Cir.1957). A specific provision integrated into an insurance contract pursuant to statutory authority is to be interpreted and given effect in accordance with legislative intent, as a matter of public policy. Tulipano v. U.S. Life Ins. Co. in the City of N.Y., 57 N.J. Super. 269 (App.Div. 1959). Thus, the judicial function here is to effectuate the legislative goal to the extent permitted by the statutory scheme. State v. Fearick, 69 N.J. 32, 37 (1976).
Although plaintiff's interpretation of the exclusionary language of N.J.S.A. 39:6A-7(b)(1) is persuasive, I am satisfied that it is in conflict with the legislative intent of the statute.
As a general rule statutes which deal with the same subject matter and which seek to achieve the same overall legislative purpose should be read in pari materia, particularly where an ambiguity exists. Matland v. United Services Automobile Ass'n, 174 N.J. Super. 499 (Law Div. 1980). The New Jersey Automobile Reparation Reform Act mandates that every owner or registered owner of an auto registered or principally garaged in this State shall maintain auto insurance coverage. N.J.S.A. 39-6A-3. Moreover, N.J.S.A. 39:6A-4 provides that all auto insurance policies must include PIP coverage. Clearly, a person operating his or her registered vehicle without said coverage would be in violation of the law. As a natural consequence, that person would be without first party coverage in the event of an accident.
Therefore, to construe N.J.S.A. 39:6A-7(b)(1) as precluding benefits only to an owner and operator of an automobile involved in an accident without PIP coverage would render this portion of the statute redundant, and in essence, a meaningless amendment. This would be in direct conflict with the settled principles of statutory construction. Gualano v. Bd. of School Estimates of Elizabeth School District, 39 N.J. 300 (1963); Central Constr. Co. v. Horn, 179 N.J. Super. 95 (App.Div. 1981).
*520 It is acknowledged that there exists a strong public policy in favor of construing insurance policies to assure the broadest personal injury protection to an insured. Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 90 (1981). Nevertheless, there is a stronger public policy in favor of ensuring compliance with the mandatory coverage provisions of the New Jersey Automobile Reparation Reform Act. I am satisfied that the legislative intent of N.J.S.A. 39:6A-7(b)(1) is to exclude one from the benefits of PIP coverage under another's insurance policy when the claimant has failed to obtain PIP coverage for his own vehicle as required by law. This interpretation is not inconsistent with the well-settled equitable principle that "a court should not grant relief to one who is a wrongdoer with respect to the subject matter in suit." Faustin v. Lewis, 85 N.J. 507, 511 (1981).
Based upon the foregoing, plaintiff's application for relief by way of an order to show cause must be denied at this time with regard to the claim for PIP benefits under the Thompson policy issued by Allstate. It is noted that this is not dispositive as to the question of insurance coverage on the automobile owned by plaintiff at the time of the subject accident.
Counsel for defendant, Allstate Insurance Company, shall submit the order.