504 So.2d 1295 (1987)
Brenda L. QUANSTROM, Appellant,
v.
STANDARD GUARANTY INSURANCE COMPANY, Appellee.
No. 86-718.
District Court of Appeal of Florida, Fifth District.
February 26, 1987.
Rehearing Denied April 2, 1987.
*1296 Stephan W. Carter of Hurt, Parrish & Dalton, P.A., Orlando, for appellant.
Cynthia Z. Mackinnon of Fisher, Rushmer, Werrenrath, Keiner Wack & Dickson, P.A., Orlando, for appellee.
COWART, Judge.
This case involves a question of whether a person injured while occupying a motor vehicle covered by personal injury protection (PIP) insurance is barred by section 627.736(4)(a), Florida Statutes (1985), from recovering PIP benefits from the insurer of the owner of that vehicle because the injured person is the owner of an uninsured motor vehicle which is not in fact being driven or operated on the roads of this state because of needed repairs.
Appellant owned a 1976 Chevrolet Vega motor vehicle on which PIP insurance expired in July of 1984 but which she continued to drive until January, 1985, when the clutch cable broke and the vehicle became incapable of functioning. The vehicle's registration expired on February 17, 1985, and the vehicle was not operated or driven on the roads of this state until it was repaired on March 25, 1985, and appellant reregistered and reinsured it on April 25, 1985. However, on March 9, 1985, appellant sustained bodily injuries while riding as a passenger in a vehicle owned by another person and insured by appellee insurance company for personal injury protection (PIP) benefits under section 627.736(4)(d)4., Florida Statutes. Appellee insurer denied appellant's claim for PIP benefits on the basis that she was the owner of a motor vehicle for which she was required to carry PIP coverage and section 627.736(4)(d)4., Florida Statutes (1985), provides that a PIP insurer of the owner of a motor vehicle, such as appellee, shall pay PIP benefits to a person injured while occupying the insured vehicle, such as appellant, but only if the injured person is not the owner of a motor vehicle as to which PIP coverage is required by sections 627.730 through 627.7405. Appellant filed an action against appellee insurer. The material facts being uncontested, both parties moved for summary judgment. The trial court granted summary judgment for the insurer. Appellant appeals relying on Fortune Insurance Co. v. Oehme, 453 So.2d 920 (Fla. 5th DCA 1984).
Appellant is not barred by section 627.736(4)(d)4., Florida Statutes (1985) from recovering PIP benefits from the insurer of the vehicle she was occupying on March 9, 1985, when injured unless on that date she was the owner of a motor vehicle with respect to which security was required under sections 627.730 through 637.7405, Florida Statutes.
Section 627.733(1), Florida Statutes (1985) requires security (PIP) for every owner or registrant of a motor vehicle required to be registered and licensed in this state.
*1297 Section 320.02(1), Florida Statutes (1985) requires every owner or person in charge of a motor vehicle which is operated or driven on the roads of this state to register the vehicle in this state.
At the time appellant was injured while a passenger in another vehicle, she was not required by law to have her vehicle registered nor was she required to have it insured, because she was not currently operating or driving it on the roads of this state. Therefore, appellant is not barred from recovering PIP benefits and was entitled to summary judgment. See Fortune Insurance Co. v. Oehme, supra; Sherman v. Reserve Insurance Co., 350 So.2d 349 (Fla. 4th DCA 1977), cert. dismissed, 355 So.2d 516 (Fla. 1978).
The insurer, appellee, cites Tapscott v. State Farm Mutual Auto Insurance Company, 330 So.2d 475 (Fla. 1st DCA 1976) and Williams v. Leatherby Insurance Company, 338 So.2d 70 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 429 (Fla. 1977). Those cases were decided when, before an amendment (Chapter 83-318, § 4, Laws of Florida), section 320.02(1), Florida Statutes (1983) required registration not only of motor vehicles "operated or driven upon the highways of this state" but also of motor vehicles "maintained in this state." Perhaps the courts in Tapscott and Williams found that the vehicles in those cases were being "maintained" although they were not being operated or driven.
The summary judgment in favor of appellee insurer is reversed and the cause remanded with directions to enter summary judgment for appellant.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.