261 N.J. Super. 579 (1993)
619 A.2d 636
JOE GIBSON, JR., PLAINTIFF-APPELLANT,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 4, 1993.
Decided January 22, 1993.
*581 Before Judges SHEBELL, A.M. STEIN and CONLEY.
Forman, Forman, Cardonsky, Andril & Ungvary, attorneys for appellant (Robert C. Carroll, on the brief and reply brief).
Connell, Foley & Geiser, attorneys for respondent (Samuel D. Lord, of counsel; Gregory P. Leahy, on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Plaintiff, Joe Gibson, Jr., appeals from an order of the Law Division dismissing his complaint against defendant, New Jersey Manufacturers Insurance Company, for personal injury protection (PIP) benefits. At issue is N.J.S.A. 39:6A-7b(1) which provides that insurers may exclude from PIP benefits a person who at the time of the accident "was the owner or registrant of an automobile registered or principally garaged in this State that was being operated without personal injury protection coverage[.]" (Emphasis added). We reverse the Law Division's order of dismissal of January 16, 1992 and remand for further proceedings.
*582 Plaintiff brought the matter before the Law Division on Order to Show Cause "why the relief sought by the Plaintiff's Complaint should not be granted." See R. 4:67-5. In support of his application, plaintiff filed an affidavit alleging that on September 16, 1990, he was involved in a motor vehicle accident on the New Jersey Turnpike while he was operating a motor vehicle owned by his sister, who was insured by defendant. He acknowledged that he owned a motor vehicle at the time of the accident; however, he stated "the motor vehicle was not in use and I did not have automobile liability insurance coverage." He further stated that he had been insured for "the period from 7/26/89 to 7/26/90." However, he stated "[t]here was a lapse in my insurance policy from 7/26/90 until 9/19/90." His affidavit continues as follows:
3. During that period of time, I was aware that I had no automobile liability insurance coverage and as a result, at no time did I operate my motor vehicle during those two months.
4. Rather, I parked my motor vehicle in the parking space allotted to me where I rent an apartment in a three family house, namely, 156 Elmwood Avenue, East Orange, New Jersey. That vehicle remained stationary in my allotted parking space a few days before 7/26/90 until 9/19/90, at which time I obtained automobile liability insurance coverage.
5. This is the very reason why I was driving my sister's, Vernary Gibson, vehicle on the date of the accident.
Defendant supplied the court with a law clerk's affidavit indicating that information was received that Joe Gibson, Jr., had an insurance policy and "[t]hat policy continued to be in effect until the termination date of July 26, 1990. Thereafter, there was a lapse in Joe Gibson, Jr.'s automobile liability insurance policy from 7/26/90 until 9/19/90. On that September date Joe Gibson, Jr. renewed his automobile liability insurance policy...."
The Law Division judge, by letter dated January 27, 1992, provided counsel for the respective parties with the following reasons for his decision:
The Court is called upon to compare the facts and law of the case at bar with Caldwell v. Kline, 232 N.J. Super. 406, 557 A.2d 661 (App.Div. 1989) and *583 Kennedy v. Allstate Ins. Co., 211 N.J. Super. 515, 511 A.2d 1301 (Law Div. 1986), aff'd o.b., 213 N.J. Super. 137, 516 A.2d 1117 (App.Div. 1986).
Plaintiff was the operator of a motor vehicle owned by his sister. He owned his own motor vehicle and made application for PIP benefits to defendant's carrier. In the Kennedy case, supra the Court held that the operator of another's car was excluded from PIP benefit coverage when he had no PIP coverage on his own vehicle. NJSA 39:6A-7(b)(1). In Caldwell, supra the Court denied UCJF benefits to a pedestrian injured in a hit and run situation where plaintiff pedestrian owned an uninsured vehicle, albeit temporarily inoperable and being repaired. Prior to the 1983 amendments to NJSA 39:6-70(d) and 39:6-78(c) the claimant would have been covered. The Court dismissed the action even though mindful of the doctrine of liberality of construction of remedial legislation such as the Fund.
Plaintiff in our case owned a car that he asserts was not in use, parked at his residence, and had no insurance for it. Kennedy admitted that he operated his uninsured vehicle up until the time of the accident. Caldwell's vehicle was temporarily inoperable; he intended to repair it and drove it several months after repairs, but before insuring it.
The Caldwell Court supra referred to cases both within and outside New Jersey on the fact question of intent. Unlike Fortune Ins. Co. v. Oehme, 453 So.2d 920 (Fla.Ct.App. 1984), the factual picture here does not warrant the findings of non-intent to operate the motor vehicle.
Dicta in Kennedy v. Allstate Ins. Co., 211 N.J. Super. 515, 511 A.2d 1301 (Law Div.), aff'd o.b., 213 N.J. Super. 137, 516 A.2d 1117 (App.Div. 1986) would expand the exclusion of N.J.S.A. 39:6A-7b(1) beyond the language of the statute for the purported purpose of carrying out "the legislative intent ... to exclude one from the benefits of PIP coverage under another's insurance policy when the claimant has failed to obtain PIP coverage for his own vehicle as required by law." Kennedy, supra, 211 N.J. Super. at 520, 511 A.2d 1301. Although we do not disagree with the holding in Kennedy when limited to the facts of that case, we nonetheless are convinced that the language of the opinion overstates the exclusion intended by the Legislature when it included in it all claimants without PIP coverage on their owned or registered vehicles.
The Kennedy dicta ignores the plain language of the statute and renders the words "was being operated" ineffective. N.J.S.A. 39:6A-7b(1). This is contrary to the strong public policy in favor of liberally construing the benefits of PIP *584 coverage to assure the broadest protection contemplated by the Legislature. See Amiano v. Ohio Casualty Ins. Co., 85 N.J. 85, 90, 424 A.2d 1179 (1981); Mazzilli v. Accident & Casualty Ins. Co., 35 N.J. 1, 7, 170 A.2d 800 (1961) (interpreting similar language in a liability insurance contract); Selected Risks Ins. Co. v. Allstate Ins. Co., 179 N.J. Super. 444, 450, 432 A.2d 544 (App.Div.), certif. denied, 88 N.J. 489, 443 A.2d 705 (1981); Brokenbaugh v. New Jersey Mfrs. Ins. Co., 158 N.J. Super. 424, 429, 386 A.2d 433 (App.Div. 1978). We recognize the countervailing public policy in favor of assuring compliance with the mandatory coverage provisions of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 to -34; however, we find no basis to expand the exclusion beyond the plain language of the statute. The Legislature saw fit to amend a similarly worded exclusion in the Unsatisfied Claim and Judgment Fund law (N.J.S.A. 39:6-70(d) and -78(c)), but took no such action with respect to the exclusion of N.J.S.A. 39:6A-7b(1).
This court's opinion in Caldwell v. Kline, 232 N.J. Super. 406, 557 A.2d 661 (App.Div. 1989) clearly details the distinction to be drawn between an exclusion such as that in the amended Unsatisfied Claim and Judgment Fund law, N.J.S.A. 39:6-70(d) and 78(c), barring recovery to "the owner or registrant of an uninsured motor vehicle" and the exclusion presently in the PIP statute, N.J.S.A. 39:6A-7b(1), which only excludes "the owner or registrant of an automobile ... that was being operated without personal injury protection coverage." (Emphasis added). Indeed, in Caldwell, we specifically called attention to the 1983 amendment to N.J.S.A. 39:6-70(d) and 78(c), noting that "[p]rior thereto 70(d) and 78(c) required proof that at the time of the accident the claimant was not `operating or riding in an uninsured motor vehicle owned by him.'" Caldwell, supra, 232 N.J. Super. at 411, 557 A.2d 661. We pointed out that "[t]he focus, then, of this disqualification was not upon ownership but rather actual operation or use." Ibid.
We further stated in Caldwell:

*585 Thus, prior to the amendment in 1983 if an uninsured motor vehicle owned by a claimant was parked, garaged, damaged or otherwise not in use and not involved in the accident, Fund payments would be available to the owner, even though the required insurance had not been purchased.
The 1983 amendment, however, removed the focus of operation/use and broadened the disqualification to all owners of uninsured motor vehicle. Thus, while prior thereto it could be found the intent was not to disqualify an owner whose uninsured vehicle was garaged or otherwise not operational, the contrary can be said was intended by the amendment. [Ibid.]
We do not mean to suggest, and plaintiff does not argue, that an insurer must show that the owner or registrant was actually operating the unprotected vehicle at the time of the accident. As we have indicated, we have no quarrel with the holding in Kennedy as it applied to its facts. In Kennedy "[p]laintiff admitted during depositions that he had operated his vehicle up until the time of the accident." Kennedy, supra, 211 N.J. Super. at 518, 511 A.2d 1301.
We recognize the difficulty of enforcing the exclusion in circumstances where the issue centers on the intent of the owner with regard to operation of the vehicle in or around the time of the accident. However, issues of subjective intent are often presented to the fact finder in our court system, both in criminal and civil cases. An examination of the surrounding facts and circumstances is required in such an undertaking. The dispute is a factual one which generally cannot be decided based merely upon a review of affidavits, certifications, or pleadings. The Law Division judge here erred in concluding on the papers that "the factual picture here does not warrant the findings of non-intent to operate the motor vehicle."
We hold that when an insurer comes forward with proof that the owner or registrant of an automobile registered or principally garaged in this State, who is seeking PIP benefits lacks PIP coverage, a prima facie case of exclusion has been established. The PIP claimant must then come forward and show that the vehicle was not being operated in or around the time of the accident, based on a conscious determination to prevent use of the uninsured vehicle as demonstrated by the *586 conduct of the owner or registrant. Although the burden of producing evidence that the vehicle was purposely not being operated shifts to the claimant, the ultimate burden of persuasion as to the appropriateness of the exclusion should not shift from the insurer. See and compare Jansen v. Food Circus Supermarkets, Inc., 110 N.J. 363, 382-83, 541 A.2d 682 (1988).
The order dismissing plaintiff's complaint is reversed. The matter is remanded to the Law Division for a determination of the factual issue presented under N.J.S.A. 39:6A-7b(1).