JOHNSON, Judge.
Appeal from a final declaratory decree on a complaint brought by the appellee insurance company to determine whether or not it (appellee) was liable under the uninsured motorist provision of the policy involved where formal notice and demand was not made until about nine months after the accident in question.
The facts are that the appellant was the ■driver of the insured automobile at the time ■of the accident, on September 20, 1963. On .September 23, 1963 the insured made a report of the accident by telephone, to the .agent of the appellee, who in turn made a written report to appellee. In this report, "however, the agent gave the name of the ■driver as “Norman Jackson” instead of the ■correct name “Norma Johnson” and stated that no one was hurt, that the accident was the fault of the other driver and that the other driver was insured with “State Farm” insurance company. Travelers made no further investigation, but did acknowledge receipt of the notice. This was September 30, 1963.
June 25, 1964, appellant’s attorney wrote a letter to appellee’s attorney making a claim under the uninsured motorist provision of the policy issued by the appellee to the insured owner of the automobile driven by the appellant at the time of the accident in question.
' The appellee filed its complaint for declaratory relief and praying, inter alia, that the appellant be enjoined from prosecuting action against appellee under the said uninsured motorist provision of the policy.
The policy provision pertinent to this case is:
“3. Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, * * * shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.”
The chancellor found that the defendant, appellant here, was an additional “insured” by the terms of the policy sub judice, and therefore subject to the notice requirements of Condition 3 set forth above. The chancellor further decreed in substance that the notice to the agent of the company, given September 23, 1963, was insufficient to comply with the policy provision and that the notice of June 25, 1964, was not given' “as soon as practicable.”
Appellant’s main point on appeal is that the chancellor erred in not dismissing the complaint because there existed a factual situation to be determined upon the issue joined, and not a construction of the policy to determine the meaning thereof.
We agree with the appellant’s contention. It appears to us that no construction of the policy was in question, but only a question of sufficiency of notice, a factual situation, which is not within the purview of the Declaratory Judgment Statute.[1]
There is no allegation of doubt as to the construction of a provision in the policy, but a doubt as to applicability of a set of facts precedent to an injunction to prohibit the appellant from proceeding by arbitration or otherwise in an effort to collect damages, therefore the complaint should have been dismissed.[2]
*63 Inasmuch as the decree appealed must be reversed and the case remanded for the reasons above stated, we see no need to deal with the remaining points raised.
Reversed and remanded.
RAWLS, C. J., and SACK, J., concur.

. Johnson v. Atlantic National Insurance Company (Fla.App.3d), 155 So.2d 886.