SWANN, Judge.
Approximately three years after Rheva Rosen was injured in an auto accident •caused by an uninsured motorist, she made written demand upon her insurer for arbitration under the uninsured motorist provisions of her policy. The insurer, The Millers Mutual Fire Insurance Company of Texas, then sought a declaratory decree to ■determine its liability under the policy, alleging that Mrs. Rosen had breached the •condition of the policy requiring notice in writing of all accidents as soon as practicable. The chancellor found the condition to have been breached and entered a final decree accordingly. Mrs. Rosen now appeals.
While we might have reached a -different conclusion had we sat as triers of fact, we must, nevertheless, uphold the findings of the chancellor absent a showing that they are clearly erroneous. Cowen v. Cowen, Fla.1957, 95 So.2d 504. The appel-lee, Millers Mutual, is therefore entitled to "having the facts viewed in the light most favorable to it.
It appears that the Rosen policy had been ■obtained through an “independent insurance •agent” who had “referred” the Rosen application to an authorized agent of Millers Mutual in return for certain bookkeeping accounting services. The policy was then issued by Millers Mutual through its authorized agent.
At the time of the accident, Mrs. Rosen was driving her employer’s car, which had been leased from a car rental agency. A day or two later she met with the independent insurance agent to discuss the various avenues open to her for compensation. It was decided that she would try to recover under a policy other than her own, and they agreed that the independent agent was to make no report of the accident to Millers Mutual or their authorized agent, unless Mrs. Rosen gave additional instructions.
The chancellor could reasonably have concluded that since Mrs. Rosen knew and agreed that the independent agent would' not make any report of the accident to either Millers Mutual or its authorized agent, she understood that the independent agent was acting purely within the scope of an adviser to Mrs. Rosen rather than in the possible capacity of an agent or sub-agent of Millers Mutual. This conversation, then, could not be considered to constitute oral notice to Millers Mutual or its authorized agent.
Subsequently, before obtaining present counsel, Mrs. Rosen obtained the services of two different attorneys. Although both attorneys testified as to telephone communication with the authorized agent of Millers Mutual, neither sent any written communication or notice of the accident to either Millers Mutual or its authorized agent. The authorized agent of Millers Mutual denied ever having had any telephone communication regarding the accident.
The chancellor would therefore have been warranted in finding that the first notice given to either Millers Mutual or its authorized agent was given more than three years after the accident. Under these circumstances, the notice given was not within the scope of time “as soon as practicable” as set forth in the policy.
*634 We are aware of the rule enunciated in Johnson v. Travelers Indemnity Company, Fla.App.1966, 191 So.2d 61. No argument, or alleged error, has been presented here as to the question raised and decided there. We therefore make no ruling, or opinion, on such question.
Affirmed.