213 So.2d 502 (1968)
Johnnie Mae JONES, Appellant,
v.
The NEW AMSTERDAM CASUALTY COMPANY, Appellee.
No. 67-830.
District Court of Appeal of Florida. Third District.
July 16, 1968.
Rehearing Denied September 9, 1968.
Thomas A. Horkan, Jr., Alfred D. Bieley, Miami, for appellant.
Smathers & Thompson and John A. O'Connor, Miami, for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
PER CURIAM.
Appellant seeks review of an order of the trial court dismissing with prejudice her second amended complaint for declaratory decree.
The complaint alleges that the appellant was insured under a policy of automobile liabilty insurance, including within its provisions uninsured motorist coverage, which policy was issued on August 24, 1965, by the appellee, New Amsterdam Casualty Company; that on September 9, 1965, appellant was involved in an automobile accident caused by the negligent conduct of one Walter Settles, as a result of which appellant sustained certain injuries; that appellant believes that Walter Settles was an uninsured motorist at the time of the accident; that appellee has either denied coverage or refused to take a position admitting or denying coverage under the policy; that appellant is in doubt as to her rights under the policy, in particular as to whether or not she has coverage under the uninsured motorist provisions of the policy; and that in order to seek arbitration of her claim as provided in the policy, appellant is in need of a judicial determination as to the issue of coverage under the policy. In the prayer for relief, appellant asks that the court take jurisdiction of the *503 subject matter and adjudicate the rights of the parties as to coverage under the policy. Appellant further asks that Walter Settles be found to be an uninsured motorist as defined by the terms of the policy.
Appellee's motion to dismiss was based upon failure of the complaint to state a cause of action since the relief sought by appellant could and should have been obtained through arbitration as provided by the policy. Additionally, appellee argues that the issue raised by the pleadings is one of fact, which issue is not a proper subject for relief under the declaratory decree statute.[1]
We cannot agree with appellee's position. The issue presented for determination was that of coverage under the policy, and more particularly coverage under the uninsured motorist provisions. It is clear from a reading of the Florida cases on the subject that the question of coverage is not one within the purview of arbitration proceedings. Zeagler v. Commercial Union Insurance Company of New York, Fla.App. 1964, 166 So.2d 616; Cruger v. Allstate Insurance Company, Fla.App. 1964, 162 So.2d 690. See also: American Southern Insurance Company v. Daniel, Fla.App. 1967, 198 So.2d 850. In answering appellee's argument regarding the issue of fact, that is whether or not Settles was uninsured, we refer to the opinion in Cruger v. Allstate Insurance Company, supra, wherein it is stated at page 693 of 162 So.2d:
"It seems apparent that the true question being litigated was the question of coverage, notwithstanding the fact that in this instance the legal question as to coverage turned on an issue of fact, to-wit: contact between the two cars. Notwithstanding the objection of the appellee that this point was not properly preserved in the trial court, an examination of the record indicates that the insured constantly contended that the appropriate forum to determine the issue was in the Board of Arbitration. Therefore, it was called to the attention of the chancellor. We conclude that he was correct in entertaining the proceedings and determining the issue of fact upon which the question of coverage turned."
On the basis of the foregoing, we hold that the second amended complaint which is the subject of this appeal does state a cause of action, and therefore, the order dismissing the complaint must be reversed.
Reversed.
NOTES
[1] Chapter 87 Fla. Stat., F.S.A., then in effect; Chapter 86 Fla. Stat., F.S.A., 1967 Official Florida Statutes.