270 So.2d 377 (1972)
Bernardo PEREZ, Appellant,
v.
STATE AUTOMOBILE INSURANCE ASSOCIATION, a Foreign Corporation, Appellee.
No. 72-449.
District Court of Appeal of Florida, Third District.
December 12, 1972.
Alfred D. Bieley, Miami, for appellant.
Taylor, Brion, Buker, Hames, Greene & Whitworth, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and SPECTOR, SAMUEL, Associate Judge.
PER CURIAM.
This appeal is from a final judgment dismissing appellant's complaint for a declaratory judgment. The appellant is the appellee's insured. The complaint sought a declaration as to appellant's rights under the policy of insurance. It appears from the allegations of the complaint that the appellant was entitled to maintain the action. The basis for the court's action in dismissing the complaint with prejudice is stated to be failure to state a claim upon which relief can be granted. We have not been favored with an appellee's brief.[1]
*378 It has often been held that disagreements as to the coverage of insurance policies are a proper subject for declaratory judgment. See Jones v. New Amsterdam Casualty Company, Fla.App. 1968, 213 So.2d 502; Zeagler v. Commercial Union Insurance Company of New York, Fla.App. 1964, 166 So.2d 616; Cruger v. Allstate Insurance Company, Fla.App. 1964, 162 So.2d 690. It has also been held that purely factual disputes are not the proper subject of an action for declaratory judgment. See New Amsterdam Casualty Company v. Intercity Supply Corporation, Fla.App. 1968, 212 So.2d 110; Burns v. Hartford Accident and Indemnity Company, Fla.App. 1963, 157 So.2d 84. Our examination of this complaint convinces us that appellee's refusal to admit or deny coverage without specifying a reason for the refusal affords a sufficient basis for the circuit court's jurisdiction under Chapter 86, Fla. Stat., F.S.A. See Jones v. New Amsterdam Casualty Company, supra.
Reversed and remanded with directions to deny the motion to dismiss and for an order setting a date for defendant's answer.
Reversed.
NOTES
[1] Appellee's motion to dismiss listed six possible grounds as follows:

* * * * *
"1. Insufficiency of process.
2. Insufficiency of service of process.
3. Lack of jurisdiction over the subject matter.
4. Lack of jurisdiction over the Defendant.
5. Failure to state a cause of action.
6. Failure to join an indispensable party.
"WHEREFORE, Defendant requests that the above cause be dismissed."
It is noted that this motion does not comply with Rule 1.100(b), RCP, F.S.A.