HAVERFIELD, Chief Judge.
Frances Britt appeals from an order granting a motion of defendant, Fidelity and Casualty Company of New York, to dismiss her complaint for declaratory relief seeking to determine coverage under her automobile liability insurance policy issued by Fidelity.
On July 24, 1975 Britt purchased through Auto Liability Insurance Agency an automobile liability insurance policy issued by Fidelity and obtained a temporary insurance binder effective that date. She made premium payments on July 24, August 4 and August 18 to Auto Liability Insurance Agency. On August 18 she was involved in an automobile accident and as a result sustained personal injuries and incurred liability to a third party. Britt requested that Fidelity furnish her with personal injury protection benefits under the terms of the policy and that it defend the claim against her. Although Fidelity filed a Notice of Policy Under the Florida Financial Responsibility Law (Form SR-21) with the Bureau of Financial Responsibility on October 14, Fidelity subsequently cancelled her policy on December 31. Thereafter, by letter of May 20, 1976, Fidelity advised Britt that it was denying coverage both' as to her requests for personal injury protection benefits and defense of the third party claim. Britt then filed the instant action for declaratory relief seeking a determination of coverage under the policy. Fidelity moved to dismiss the complaint on the ground that it failed to state a cause of action under the declaratory judgment act. [Chapter 86, Florida Statutes (1975)]. After a hearing, the trial court entered an order dismissing the complaint for the above reason. We reverse.
Bona fide disputes over the coverage of an insurance policy have been traditionally considered a proper subject for declaratory relief. Tavares v. Allstate Insurance Co., 342 So.2d 551 (Fla. 3d DCA 1977). After a review of the complaint and several instruments attached thereto, we conclude that the complaint presents a bona fide dispute over coverage arising out of an interpretation of the binder and policy which should have been entertained by the trial court on the merits. Cf. Cruger v. Allstate Insurance Co., 162 So.2d 690 (Fla. 3d DCA 1964); Zeagler v. Commercial Union Insurance Co. of New York, 166 So.2d 616 (Fla. 3d DCA *117 1964); Jones v. New Amsterdam Casualty Co., 213 So.2d 502 (Fla. 3d DCA 1968) and Tavares, supra.
Accordingly, the order of dismissal is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.