ORR, GEORGE, Associate Judge.
The court below granted the motion to dismiss with prejudice the appellant’s action for declaratory relief. After reviewing the complaint, we hold that appellant’s complaint did state a cause of action and reverse the judgment below.
The Declaratory Decree Act, Section 86.011, Florida Statutes (1977), should be liberally construed toward its purpose. The supreme court in May v. Holley, 59 So.2d 636, 639 (Fla.1952), set out the criteria for determining the appropriateness of a declaratory judgment. A court may render a declaratory judgment of “ ‘any immunity, power, privilege or right’ or ‘any fact upon which the existence or nonexistence of such immunity, power, privilege or right does or may depend.’ ”
Furthermore, the courts have often held that “disagreements as to the coverage of insurance, although not purely factual disputes, are a proper subject for declaratory judgment.” Perez v. State Auto Insurance Association, 270 So.2d 377 (Fla. 3d DCA 1972).
Since in the case at bar the validity and effectiveness of the endorsement or instrument allegedly terminating the insurance contract is at issue, the same is a proper subject for declaratory judgment.
REVERSED and REMANDED.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.