415 So.2d 47 (1982)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Richard K. CHAPMAN, Appellee.
No. 81-1072.
District Court of Appeal of Florida, Fifth District.
May 12, 1982.
Rehearing Denied June 11, 1982.
*48 James O. Driscoll, P.A., of Driscoll, Langston, Layton & Kane, P.A., Orlando, for appellant.
Robert J. Felice of LaGrone & Felice, P.A., Orlando, for appellee.
COBB, Judge.
On November 10, 1979, Chapman was injured while he was operating a Florida Highway Patrol vehicle owned by the state. Chapman made a demand upon State Farm for personal injury protection benefits. State Farm refused to pay the benefits on the basis that Chapman was excluded from coverage at the time of the accident due to the terms of the policy.
Chapman filed a complaint for declaratory relief, which sought a judgment as to whether he was entitled to the personal injury protection coverage. State Farm filed an amended answer in which it denied coverage because the policy excluded from coverage anyone occupying a vehicle owned by any government. State Farm's amended answer also denied coverage because any personal injury protection benefits due to Chapman must be reduced by workmen's compensation benefits paid or payable to him.
State Farm moved for summary judgment. Chapman moved for judgment on the pleadings. The trial court denied State Farm's motion for summary judgment and granted Chapman's motion for judgment on the pleadings. The trial court then entered a declaratory judgment in which it found State Farm's exclusion of a government-owned vehicle to be statutorily impermissible and that State Farm's argument with regard to workmen's compensation benefits only had a bearing on the amount of personal injury protection benefits to which Chapman might be entitled, rather than the issue of whether he had personal injury protection coverage. The trial court then rendered a declaratory judgment that the State Farm policy did provide personal injury protection coverage to Chapman.
Florida's Automobile Reparations Reform Act requires the insurer of the owner of a motor vehicle to pay personal injury protection benefits for the accidental bodily injury sustained in this state by the owner while he is occupying a motor vehicle. § 627.736(4)(d)1, Fla. Stat. (1981). Any insurance policy purporting to provide security in accordance with Florida's Automobile Reparations Reform Act is to be enforced as if it were in compliance with the act, irrespective of its actual terms. Andriakos v. Cavanaugh, 350 So.2d 561 (Fla.2d DCA 1977). If a government-owned vehicle is a "motor vehicle" within the scope of Florida's Automobile Reparations Reform Act, then the State Farm policy exclusion that excluded insureds from coverage while they were in government vehicles was in violation of Florida's Automobile Reparations Reform Act. The term "motor vehicle" is defined in the act in section 627.732(1). The statutory definition does not exclude government vehicles.
The section of the act dealing with proof of security excludes government vehicles from all sections of the act. § 627.734(3), Fla. Stat. (1981). This statute was intended to exempt governmental bodies from having to obtain no-fault coverage on vehicles that they own and was not intended to take government vehicles out of the definition of *49 "motor vehicles." Therefore, Rule 4-27.01, Rules of the Department of Insurance, which defines motor vehicles, is in conflict with the statutory definition.
In a declaratory judgment action, a trial court may enter a judgment on the pleadings if the merits of the case can be determined as a matter of law from the pleadings. Trail Burger King, Inc. v. Burger King of Miami, Inc., 187 So.2d 55 (Fla.3d DCA 1966). In the case at hand, the trial court did not declare that Chapman was entitled to any specific amount of benefits, but rather the trial court only declared that Chapman was entitled to personal injury protection coverage. The coverage issue was a proper issue for the trial court to resolve with a declaratory judgment. Britt v. Fidelity & Casualty Co., 360 So.2d 116 (Fla.3d DCA 1978); Tavares v. Allstate Ins. Co., 342 So.2d 551 (Fla.3d DCA 1977).
The Florida Supreme Court recently has reaffirmed the validity of the Florida Automobile Reparations Reform Act. Chapman v. Dillon, 415 So.2d 12 (Fla. 1982).
Accordingly, the judgment of the trial court is
AFFIRMED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.