579 So.2d 798 (1991)
The TRAVELERS Insurance Company, a Connecticut Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
Paul EMERY and John Kemp, Appellees.
No. 90-1981.
District Court of Appeal of Florida, First District.
May 8, 1991.
*799 Mitchell J. Frank of Frank and Brightman, Orlando, for appellant.
J. Riley Davis of Taylor, Brion, Buker & Greene, Tallahassee, Don Greiwe of Wagner, Cunningham, Vaughan & McLaughlin, P.A., Tampa, and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellees.
PER CURIAM.
The Travelers Insurance Co. (Travelers) appeals a final judgment denying its complaint for declaratory relief as "premature." Travelers asserts entitlement to a declaratory judgment that a homeowner's policy excludes coverage for an insured's alleged "business pursuit," terminating any duty to defend him against a third party in prospective liability litigation. We reverse.
In December 1987, inmate Jack Kemp was rendered quadriplegic while operating a tractor owned by Paul Emery, the insured, and maintained by a non-profit organization under state contract on a cattle farm in a special correctional work program supervised by Emery. Emery was informed of the accident in May 1988 by a letter from Kemp's counsel which stated, "Mr. Kemp will be seeking legal redress against you," and which suggested Emery transmit the letter to his insurer, if he had one.
Emery apparently transferred the letter to Travelers, which held his homeowner's policy. Travelers responded by requesting Kemp's counsel to provide additional information and his "theory of liability." Kemp's counsel informed Travelers that he was "concerned" about improper design of the tractor, or its improper maintenance by Emery. He stated, "We are specifically concerned about the failure of Mr. Emery to maintain the tractor so that the tractor had interlock systems, or warning systems to prevent the load from being raised above the head, and also the tractor did not have a cage on it to protect the driver from overhead loads." Travelers informed Emery that the "business pursuits" exclusion *800 in his homeowner's policy applied and that a declaratory judgment action would follow.
Travelers filed a complaint for declaratory relief in November 1988. Kemp moved to dismiss the complaint for failure to state a cause of action, for raising matters limited to factual determinations, and because "the declaratory judgment statute was improperly invoked and the suit for declaratory decree would not lie in this action." The trial court denied Kemp's motion.
Travelers then moved for summary judgment, stating, "The evidence warrants a conclusion that there is no coverage under the terms of this clear and unambiguous exclusion." At the hearing on the motion for summary judgment, Kemp argued that the declaratory action was premature because no complaint had been filed against Emery and that factual issues concerning the maintenance and repair of the tractor remained. Kemp's counsel filed an affidavit stating that although no complaint had been filed, he believed any allegations against Emery would concern improper maintenance of the tractor on Emery's property. The court denied Travelers' motion for summary judgment based on the existence of issues of fact. However, notwithstanding its earlier denial of Kemp's prior motion to dismiss, the court entered final judgment denying Travelers' request for a declaratory judgment "as being premature."
Travelers claims that no discovery remains, that the letter received from Kemp's counsel clearly indicates that litigation is threatened against its insured, and that all elements for declaratory relief have been met. Travelers concludes that it is therefore entitled to a judicial determination of whether its admittedly clear and unambiguous policy exclusion bars coverage of Emery in a prospective third party claim by Kemp which effectively relieves it from any duty to defend him.
Emery asserts that because the policy exclusion is clear and unambiguous and requires no legal construction, Travelers' petition rests upon a factual finding which precludes declaratory judgment. He further asserts that no Florida case has ever dealt with a declaratory judgment of coverage in a third party context. Kemp contends that the petition is contingent upon future events, in violation of the "present controversy" requirement. Kemp adds that both Florida and non-Florida cases repeatedly hold that, at least in a third party context, the insurer has no standing to litigate either the duty to defend or the question of coverage until the injured party has brought an action against the insured. Finally, both appellees submit that, under Florida law, the insurer cannot pursue declaratory judgment relief until the complaint in the underlying action is filed. No case cited by the parties directly supports or refutes such a bright-line test, and our research discloses none.
The declaratory judgment act, application of which is to be afforded liberal construction, was intended to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations. Kelner v. Woody, 399 So.2d 35, 37 (Fla. 3d DCA 1981). The granting of such relief remains discretionary with the court, and the court's ruling is accorded great deference. Id. In exercising this discretion, the court:
may render declaratory judgments on the existence or nonexistence:
(1) Of any immunity, power, privilege, or right; or
(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future § 86.011, Fla. Stat. (1987) (emphasis added).[1]
*801 Generally, declaratory relief is not available to settle factual issues upon which coverage questions turn under an insurance contract which is clear and unambiguous, because such instances present no need for contract construction or interpretation.[2] Therefore, some courts would say the lower court lacks jurisdiction.[3] However, questions of fact[4] and disagreements concerning coverage under insurance policies[5] are proper subjects for a declaratory judgment if necessary to a construction of legal rights. Further, an insurer may seek determination of its obligation to defend its insured by filing a declaratory judgment action.[6]
Our review of this case requires consideration of Travelers' coverage of Emery and its duty to defend him, in tandem with any collateral effects upon Kemp's prospective tort litigation as a possible third party beneficiary under the policy. In Burns v. Hartford Accident & Indem. Co., 157 So.2d 84 (Fla.3d DCA 1963), the court held that the declaratory judgment act provides a means to determine coverage between an insurer and its insured, except when a third party brings a negligence action against the insured which necessarily raises an issue bearing on the applicability of the policy, since courts will not permit the insurer to remove a material issue from the negligence action under the guise of a declaratory judgment.[7] But as this court has previously stated in American Fidelity Fire Ins. Co. v. Johnson, 177 So.2d 679, 683 (Fla. 1st DCA 1965), certiorari denied, 183 So.2d 835 (Fla. 1966):
[T]he better part of wisdom should have dictated to American Fidelity the resolution of the question of its liability to the insured under the claimed renewal of the policy by the simple expedient of a declaratory judgment proceeding, at the inception of the litigation.
See also Caldwell, 453 So.2d at 1190; American Glass Indus. v. Allstate Ins. *802 Co., 441 So.2d 672, 674 (Fla. 2d DCA 1983); review denied, 451 So.2d 848 (Fla. 1984).
It is patently clear from this record that Travelers' petition presented the lower court with an actual, bona fide, present need to have the court declare that Travelers did not cover Emery in this situation and was therefore not obligated to defend him in any resulting lawsuit. We find it equally clear that this declaration does not depend solely upon a factual determination, but requires the court's interpretation of the "business pursuits" policy exclusion as applied to a particular set of facts alleged in the petition.
Because the record indicates that the question of coverage in this case leaves material issues in any prospective liability action between Kemp and Emery unaffected, the preemption prohibition discussed in Burns v. Hartford Accident & Indem. Co. is inapplicable. All the criteria necessary to permit the lower court to consider Travelers' petition for declaratory judgment were satisfied, and the lower court erred in adjudging the petition to be "premature." We express no opinion regarding whether the policy exclusion at issue applies to the facts alleged or not.
This case is REVERSED and REMANDED for further proceedings to determine the existence or non-existence of coverage and of Travelers' duty to defend Emery.
NIMMONS, BARFIELD and MINER, JJ., concur.
NOTES
[1] The Florida Supreme Court stated in May v. Holley, 59 So.2d 636, 639 (Fla. 1952), that before it should clearly appear:

[T]hat there should be a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest [sic] are all before the court by proper process or class representation; and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
[2] See Bergh v. Canadian Universal Ins. Co., 216 So.2d 436 (Fla. 1968); Johnson v. Travelers Indem. Co., 191 So.2d 61 (Fla. 1st DCA 1966), approved, 201 So.2d 705 (Fla. 1967); Perez v. State Auto. Ins. Ass'n, 270 So.2d 377 (Fla. 3d DCA 1972); New Amsterdam Cas. Co. v. Intercity Supply Corp., 212 So.2d 110 (Fla. 4th DCA 1968); 19 Fla.Jur.2d Declaratory Judgment § 30 (1980). See also Columbia Casualty Co. v. Zimmerman, 62 So.2d 338 (Fla. 1952); M & E Land Co. v. Siegel, 177 So.2d 769 (Fla. 1st DCA 1965); Smith v. Milwaukee Ins. Co. of Milwaukee, Wis., 197 So.2d 548 (Fla. 4th DCA), certiorari dismissed, 204 So.2d 332 (Fla. 1967); Brohawn v. Transamerica Ins. Co., 276 Md. 396, 347 A.2d 842 (1975).
[3] See Vanguard Ins. Co. v. Townsend, 544 So.2d 1153 (Fla. 5th DCA 1989).
[4] See Prudential Property & Casualty Ins. Co. v. Castellano, 571 So.2d 598 (Fla. 2d DCA 1990); Smith v. Milwaukee Ins. Co., of Milwaukee, Wis., 197 So.2d 548 (Fla. 4th DCA), certiorari dismissed, 204 So.2d 332 (Fla. 1967).
[5] See Prudential Property & Casualty Ins. Co. v. Castellano, 571 So.2d 598 (Fla. 2d DCA 1990); Tindall v. Allstate Ins. Co., 472 So.2d 1291 (Fla. 2d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986); State Farm Mut. Auto. Ins. Co. v. Chapman, 415 So.2d 47 (Fla. 5th DCA 1982), review denied, 426 So.2d 29 (Fla. 1983); United Servs. Auto. Ass'n v. Setchfield, 384 So.2d 34 (Fla. 2d DCA 1980) (since the validity and effectiveness of the endorsement or instrument allegedly terminating the insurance contract was at issue, the same was the proper subject for declaratory judgment); Travelers Ins. Co. v. Lee, 358 So.2d 88 (Fla. 3d DCA 1978); Tavares v. Allstate Ins. Co., 342 So.2d 551 (Fla. 3d DCA 1977); Perez v. State Auto. Ins. Ass'n, 270 So.2d 377, 378 (Fla. 3d DCA 1972); Cruger v. Allstate Ins. Co., 162 So.2d 690 (Fla. 3rd DCA 1964).
[6] State Farm Fire & Casualty Co. v. Cronk, 530 So.2d 445 (Fla. 4th DCA 1988) (allegation of question of coverage and insurer's duty to defend clearly requires the court to interpret the policy language and thus is appropriate for declaratory relief). See also Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 815 (Fla. 1st DCA 1985) (citing Caldwell v. Allstate Ins. Co., 453 So.2d 1187 (Fla. 1st DCA 1984), and Accredited Bond Agencies, Inc. v. Gulf Ins. Co., 352 So.2d 1252 (Fla. 1st DCA 1978)).
[7] This principle was reaffirmed by Vanguard Ins. Co. v. Townsend, 544 So.2d at 1155 [courts will not permit the insurance company to preempt the resolution of fact issues necessarily involved in the tort litigation].