603 So.2d 1338 (1992)
Douglas W. ABRUZZO, Appellant,
v.
Arthur G. HALLER and Arthur G. Haller, P.A., Appellees.
No. 91-3189.
District Court of Appeal of Florida, First District.
August 12, 1992.
Douglas W. Abruzzo, Gainesville, for appellant.
Grafton B. Wilson, II, Gainesville, for appellees.
SHIVERS, Judge.
This appeal is from a final order dismissing an amended, three count complaint in its entirety with prejudice. The order also strikes a phrase in Count II of the complaint. *1339 We reverse the dismissal of Count II and affirm the remaining portions of the order.
Douglas Abruzzo and Arthur Haller are lawyers. Haller is the sole stockholder and operator of Arthur G. Haller, P.A. Abruzzo became associated with the P.A. in June 1990. Haller orally agreed to pay Abruzzo either a minimum monthly salary or a percentage of fees, whichever was greater.
In August 1990 Abruzzo and the P.A. entered into an agreement whereby Abruzzo would be compensated as an associate attorney from September 3, 1990, to December 31, 1990. Haller signed the agreement on behalf of the P.A. Consistent with the verbal agreement, compensation was to be the greater of a weekly minimum salary or a percentage of collected fees. The percentage varied, depending on Abruzzo's level of involvement in the matter.
Haller discharged Abruzzo on December 24, 1990. In July 1991 Abruzzo filed an amended complaint against Haller and the P.A. The complaint alleged that except for one week in November, Abruzzo was paid the weekly minimum; it further alleged that from June 18 to December 24, 1990, Abruzzo's percentage of collected and uncollected fees exceeded the weekly minimum, but Abruzzo was not paid the difference between the minimum and the percentage amounts.
Count I sought a declaratory judgment. Abruzzo wanted the trial court "to interpret [the parties'] agreement and guide them as to Abruzzo's rights, if any, for compensation... ."
Count II sought employee wages. Abruzzo alleged that Haller was "amassing a substantial personal net worth" and frustrating recovery of wages by using the P.A. as an alter ego and a corporate veil. Abruzzo claimed he is owed $12,153.00 in earned but uncollected wages. He requested a jury trial and attorney's fees.
Count III sought a jury trial for Haller's allegedly tortious interference with the contractual relationship between Abruzzo and the P.A.
Haller and the P.A. filed a motion to strike the phrase "amassing a substantial personal net worth" and to dismiss all three counts. The motion was granted with prejudice after Abruzzo declined the trial court's invitation to further amend the complaint.
Count I was properly dismissed. Typically the standard of review of the dismissal of a complaint with prejudice is de novo. See Padavano, Florida Appellate Practice, § 5.4B (Supp. 1991). However, when dismissing a count in a complaint seeking a declaratory judgment, the trial court's ruling is accorded great deference. Travelers Ins. Co. v. Emery, 579 So.2d 798 (Fla. 1st DCA 1991). Therefore, the standard of review as to the dismissal of Count I of Abruzzo's amended complaint is whether the trial court abused its discretion. Abruzzo must show clear error for reversal. Kelner v. Woody, 399 So.2d 35 (Fla. 3d DCA 1981).
A "declaratory judgment is not available to settle factual issues bearing on liability under a contract which is clear and unambiguous and which presents no need for its construction." Medical Center Health Plan v. Brick, 572 So.2d 548, 551 (Fla. 1st DCA 1990); accord, Travelers Ins. Co., 579 So.2d at 801. The moving party must show he is in doubt as to some right or status and that he is entitled to have such doubt removed. Kelner, 399 So.2d at 37. The agreement between Abruzzo and the P.A. is clear and unambiguous, and Abruzzo does not allege he is in doubt or uncertain about his rights or status under the contract. Count I appears to seek a determination of factual issues bearing on Haller's and the P.A.'s liability under the contract. Therefore, the trial court did not abuse its discretion by dismissing Abruzzo's request for declaratory relief.
Count III was also properly dismissed. Abruzzo's assumption that Haller can be liable for tortious interference as an agent of the P.A. is a false premise.
In order to maintain an action for tortious interference with contractual rights, a plaintiff must prove that a third *1340 party interfered with a contract by `influencing, inducing or coercing one of the parties ... to breach the contract, thereby causing injury to the other party.' An agent of a corporate party to a contract, acting within his capacity and scope as an agent, cannot be considered to be a separate entity outside of the contractual relationship which can tortiously interfere with that relationship.
Cedar Hill Properties, Corp. v. Eastern Federal, Corp., 575 So.2d 673, 676 (Fla. 1st DCA 1991) (quoting West v. Troelstrup, 367 So.2d 253, 255 (Fla. 1st DCA 1979)).
Count II, entitled "action for employee wages," states a cause of action against both the P.A. and Haller for breach of contract and should not have been dismissed.
There is no disagreement as to the existence of a contract. Abruzzo alleges that he performed all conditions precedent, and he alleges that the P.A. had a duty to perform but did not. Abruzzo further alleges damages flowing from the breach. Therefore, a cause of action against the P.A. for breach of contract is sufficiently alleged. See Knowles v. C.I.T. Corp., 346 So.2d 1042 (Fla. 1st DCA 1977); c.f., Loewer v. New York Life Ins. Co., 773 F. Supp. 1518 (M.D.Fla. 1991) (citing to a federal rule of civil procedure identical to Florida's Rule 1.120(c) and holding that alleging damages is not mandatory). This is especially true given that when considering a motion to dismiss, it must be assumed that all allegations in the complaint are true and all reasonable inferences must be drawn in favor of the pleader. Snow v. Byron, 580 So.2d 238 (Fla. 1st DCA 1991). A claim for relief need only contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fla.R.Civ.P. 1.110(b)(2). "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Fla.R.Civ.P. 1.120(c).
It also appears that by alleging Haller used the P.A. as an alter ego and corporate veil, Abruzzo stated a sufficient claim against Haller.
An officer or shareholder of a corporation cannot be held personally liable on a contract unless he signed the contract in his individual capacity or unless the nature of the corporation was such that the corporate entity should be disregarded such as where it was established or used for fraudulent purposes or where the corporation was merely the alter ego of the shareholder.
Charter Air Center, Inc. v. Miller, 348 So.2d 614, 616-17 (Fla. 2d DCA 1977); accord, AMC/Jeep of Vero Beach, Inc. v. Funston, 403 So.2d 602 (Fla. 4th DCA 1981).
Accordingly, we reverse the dismissal of Count II. Having done so, the issue arises as to whether the phrase "amassing a substantial personal net worth" was properly stricken. We find that the trial court did not abuse its discretion by striking this language; it appears irrelevant. See Fla.R.Civ.P. 1.140(f).
In sum, we reverse the dismissal of Count II and order that it be reinstated as stating a cause of action for breach of contract. The remaining portions of the final order are affirmed. We remand for further proceedings consistent herewith.
AFFIRMED in part, REVERSED in part, and REMANDED.
WIGGINTON and BARFIELD, JJ., concur.