WOLF, Judge.
We review a final order in which the trial judge granted a motion to dismiss an “Objection to the Will and Petition to Revoke Probate.” The petition filed by the appellants (relatives of the deceased) contains two main grounds to support revocation of probate of the will of Rose Meyers Cochran. The petitioners allege that the 1962 will which was admitted to probate was revoked by a later will, and that the 1962 will was revoked by mutilation of the original document (by the decedent). We find after review of the 1962 will that the trial judge correctly determined that this will was not revoked by mutilation, and affirm as to that issue without further comment. The petition, however, contained sufficient facts to demonstrate a basis for revocation as a result of a later written instrument. We, therefore, reverse for further proceedings as to this issue.[1] Rose Meyers Cochran died at age 88 in 1991. At the time of her death she did not have a living spouse or any children. In 1962, she executed a will, naming her husband as personal representative, and her sister, Mary Barsczewski, as alternative personal representative. The original of this will was admitted to probate. The petitioners filed a timely objection to probate of this will. They claimed that the decedent had revoked the 1962 will when she executed a subsequent will in 1980 or 1981. The petition further alleged that the later will was last known to be in the possession of Mary Bar-sczewski. Barsczewski was the sole residuary beneficiary of the 1962 will which was admitted to probate. The petition alleged that Barsczewski told one of the petitioners about the contents of the 1980-81 will and further alleged the general nature of the bequests contained in the latter will.
The trial court dismissed the petition to revoke probate, ruling that the allegations were insufficient to admit a subsequent will to probate pursuant to section 733.207, Florida Statutes. The requirements for demonstrating revocation of a will by subsequent written instrument are not equivalent to the requirements for submitting a subsequent will to probate.
Section 733.109(1), Florida Statutes, permits any interested person to institute revocation proceedings by filing a petition for revocation. Section 732.505(2), Florida Statutes, identifies the requirements for a written instrument which revokes a prior will. The petition must contain a statement of the interest of the petitioner, and must also contain allegations of fact showing the grounds for revocation of probate. The trial judge in this case incorrectly treated the petition as a petition to establish a lost or destroyed will. Under section 733.207, a petition of this type must contain a copy of the will or its substance. See also rule 5.510(b) Florida Rules of Probate. In the instant case, however, appellants filed a petition to revoke probate. The petition met the statutory requirements by showing petitioners’ interest, and by containing a statement of facts constituting grounds sufficient to revoke the probate of the original will.
We, therefore, reverse the order granting the motion to dismiss.
BOOTH and WEBSTER, JJ., concur.

. We note that appellants may have evidentiary problems in proving the allegations contained in their petition, but these issues are not properly dealt with in proceedings on a motion to dismiss where it is assumed that all the allegations in the petition are true and all reasonable inferences are to be drawn in favor of the nonmovant. Abruzzo v. Haller, 603 So.2d 1338 (Fla. 1st DCA 1992).