639 So.2d 179 (1994)
HOME INSURANCE COMPANY, Appellant,
v.
Kathleen GEPHART, Secure Title Service, Inc., North Palm Beach Title Services of Florida, Inc., and Florida Coast Title, Inc., Appellees.
No. 93-1677.
District Court of Appeal of Florida, Fourth District.
July 6, 1994.
*180 Joseph H. Lowe of Marlow, Connell, Valerius, Abrams, Lowe & Adler, Miami, for appellant.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., and Cindy Sojka of Gary W. Roberts, P.A., West Palm Beach, for appellee-Gephart.
PER CURIAM.
Appellant/insurer primarily contends that the trial court erred in dismissing its above action because it was entitled, at this time, to a declaration of any duty to indemnify.[1] We affirm dismissal but remand with direction to vacate the final judgment and enter an order of dismissal, without prejudice to refile the action upon the issue of the duty to indemnify at the conclusion of the underlying action against appellees/insureds by a third party.
Dismissal was proper because of the action's prematurity. Although some cases present facts that allow the issue of the duty to indemnify to be decided in a declaratory action prior to the conclusion of the underlying suit, the facts of the present case do not present such a situation. See, e.g., Britamco Underwriters, Inc. v. Central Jersey Invs., Inc., 632 So.2d 138, 139 (Fla. 4th DCA 1994) (where issue of coverage is not dependent on resolution of fact issues common to underlying litigation, it may be determined in declaratory action prior to conclusion of underlying suit); Travelers Ins. Co. v. Emery, 579 So.2d 798, 800-02 (Fla. 1st DCA 1991) (issue of coverage under business pursuits exclusion appropriate for declaratory action prior to filing of underlying action where resolution of this issue leaves material issues in underlying action unaffected); Allstate Ins. Co. v. Conde, 595 So.2d 1005, 1008 (Fla. 5th DCA 1992) (under unusual circumstances where underlying complaint alleges two alternative, mutually exclusive theories of liability, court may look beyond allegations of complaint and determine fact that will answer the duty to defend issue and also thereby answer the duty to indemnify issue).
Unlike in Britamco and Emery, the present case involves factual questions concerning the transference of funds that will likely be of concern in the underlying litigation. Unlike in Conde, the theories of liability in the present case are not mutually exclusive. Since the present case does not present the type of situation found in these cases, the issue of appellant's duty to indemnify appellees must be deferred until liability is determined in the underlying suit.
Another concern when a declaratory action seeks to determine the duty to indemnify prior to the resolution of the underlying litigation is the possibility of inconsistent adjudications which may result where the plaintiff in the underlying case has not been joined in the declaratory action. Thus, it is probably not coincidental that in Britamco, Emery, and Conde, in which the courts approved of deciding the coverage issue in the declaratory action prior to the conclusion of the underlying suit, the plaintiff from the underlying suit was joined as a party in the declaratory action. In contrast, in Irvine v. Prudential Property & Casualty Insurance Co., 630 So.2d 579, 580 (Fla. 3d DCA 1993), and International Surplus Lines Insurance Co. v. Markham, 580 So.2d 251, 254 (Fla. 2d DCA 1991), where the plaintiff was not joined in the declaratory suit, the courts applied the general rule that the coverage issue must be deferred until after the underlying *181 litigation is concluded. In the present case, the plaintiff in the underlying litigation was not joined as a party in the declaratory action.
The parties agreed that, if it was determined on appeal that the trial court was correct in dismissing appellant's complaint, the trial court erred in the form of its final judgment. In State Farm Mutual Automobile Insurance Co. v. Hinestrosa, 614 So.2d 633, 635 (Fla. 4th DCA 1993), this court explained that the phrase "plaintiff take nothing and defendant go hence without day" is appropriate in cases seeking only a monetary judgment, rather than a declaratory judgment.
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.
NOTES
[1] Counsel for both parties, at oral argument, independently represented that there is no issue here as to appellant's duty to defend.