# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-995
Lower Tribunal No. 15-8939
_____

**Heritage Property and Casualty Insurance Co.,**
Appellant,

vs.

**Octavio Romanach and Abigail Romanach,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

M. Andrew Sperber (Sunrise), for appellant.

The Strems Law Firm, P.A., and Scot Strems, for appellees.

Before ROTHENBERG, C.J., and SCALES and LUCK, JJ.

SCALES, J.

Heritage Property and Casualty Insurance Company ("Heritage") appeals a

final order dismissing with prejudice its Petition for Declaratory Judgment,

asserting: (1) that the trial court abused its discretion in dismissing the action without giving Heritage leave to file an amended petition; and (2) that its petition stated a valid cause of action for declaratory relief. Concluding only that Heritage stated a cause of action for declaratory relief, we reverse.

**<u>Statement of the Case</u>**[1]

In October 2013, Heritage issued a homeowner's insurance policy to the Romanaches. In December 2013, their home and contents were damaged by a water leak in an interior hallway's ceiling. The Romanaches hired loss consultants who estimated their damages were $147,257.07. Heritage investigated the claim, determining there were $62,257.41 in damages. Unable to resolve the scope and estimate of the damages, Heritage invoked the appraisal clause of the subject policy which provides, in relevant part:

> Appraisal. If you and we fail to agree on the scope of repairs necessary to restore your property to its pre-loss condition, or specifications of materials used in the restoration of your damaged property, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose a ***competent and impartial umpire***. . . . The appraisers will separately prepare an itemized scope of repair including the specifications of the materials used to restore the property to pre-loss condition. If the appraisers submit a written report of an agreement to us, we will select and authorize a pre-qualified vendor to complete the repairs in accordance with the agreement. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by

---

[1] The background facts contained herein are those set forth in the underlying complaint.

2

any two will authorize our selected pre-qualified vendor to complete the repairs in accordance with the agreement.

(Emphasis added).

Both parties' appraisers agreed on the appointment of umpire Carlos Guerrero to oversee the appraisal process. On January 8, 2015, the umpire issued an appraisal award form, setting the replacement cost value of the Romanaches' loss at $149,040.25 and the actual cash value of their loss at $145,119.83. Heritage's appraiser objected to the amount of the appraisal award, claiming that the figure was grossly inflated and that damages had been awarded for items not at issue. The Romanaches' appraiser and the umpire signed the appraisal award form on February 25, 2015, purporting to make the damages award valid and binding upon the parties.

On April 20, 2015, Heritage filed its Petition for Declaratory Judgment against the Romanaches in the Miami-Dade County circuit court. Although couched in five separate counts, in each count Heritage seeks essentially the same relief: a declaration that Heritage is entitled to a new appraisal process because: (1) the umpire determined coverage issues outside the scope of the appraisal process established by the policy; and (2) collusion between the appraiser selected by the Romanaches and the umpire undermined the integrity of the appraisal process.

Specifically, Heritage alleged that it "is in doubt as to its rights regarding the scope of the Appraisal Panel's consideration of damages, authority of the appraisal

3

panel, and existence of the umpire's power to consider and award non-covered damages." Heritage also alleged that it discovered professional and familial relationships between the Romanaches' appraiser, the umpire, and the owner of the water mitigation company hired by the Romanaches (1) which "calls into question the partiality of the [appraisal award]," and (2) that, if disclosed prior to the selection of the umpire, Heritage's appraiser "would have never agreed to Carlos Guerrero being appointed as the umpire." Therefore, Heritage alleged, "[a] bona fide present controversy exists regarding the integrity of the appraisal process as well as [Heritage's] obligations for the amounts included in the Appraisal Award."

On June 8, 2015, the Romanaches filed their Motion to Dismiss Petition for Declaratory Judgment or Alternatively Motion for More Definite Statement, arguing that: (1) Heritage had failed to state a cause of action for declaratory relief; and (2) Heritage's Petition for Declaratory Judgment was so vague that the Romanaches could not reasonably frame a responsive pleading.

At the conclusion of the March 1, 2016 hearing on the Romanaches' dismissal motion, the trial court reserved ruling so that it could further consider the case law. At Heritage's request, the court gave the parties leave to file additional memoranda of law as to whether an insurance company can bring a declaratory action under these circumstances. Heritage thereafter filed a memorandum of law, arguing that under Higgins v. State Farm Fire & Casualty Co., 894 So. 2d 5 (Fla.

4

2004), an insurer may pursue a declaratory judgment action that requires a determination of the existence or nonexistence of a fact upon which the insurer's rights and obligations under an unambiguous insurance policy depend. The Romanaches did not file a response.

On March 31, 2016, the trial court entered an order summarily granting the Romanaches' dismissal motion. The order states, "ORDERED AND ADJUDGED that Respondent's Motion to Dismiss Petition for Declaratory Judgment or Alternatively Motion for Definite Statement is hereby granted." Believing that the dismissal order was a final order based on an SRS (Summary Reporting System) stamp on the document, Heritage did not file an amended pleading as would be its right if the trial court's dismissal had been without prejudice. See Fla. R. Civ. P. 1.190(a) ("A party may amend a pleading once as a matter of course at any time before a responsive pleading is served . . . ."). Nor did Heritage file a Florida Rule of Civil Procedure 1.530 motion for rehearing, or otherwise move to amend its petition. Instead, Heritage filed a notice of appeal to this Court.

On May 17, 2016, this Court issued an order informing Heritage that its appeal was subject to dismissal because a trial court order that merely grants a motion to dismiss is not a final order.[2] At that point, Heritage again did not take

---

[2] Our show cause order cited GMI, LLC v. Asociacion del Futbol Argentino, 174 So. 3d 500, 501 (Fla. 3d DCA 2015) ("An order that merely grants a motion to dismiss is not a final order.").

5

measures to file an amended petition. Rather, Heritage filed its Motion to Request the Court to Enter a Final Order in the lower court, therein requesting that the trial court "enter a Final Order for this case as soon as possible." Heritage attached a proposed final order dismissing and closing the case as to the parties. On May 22, 2016, the trial court entered an order that simply states, "ORDERED and ADJUDGED that this matter is dismissed and closed." Heritage then filed a Notice of Filing Final Order of Dismissal in this Court, providing what was now a final order of dismissal.

### This Appeal[3]

In this appeal, Heritage first argues that the trial court abused its discretion in dismissing its petition with prejudice without giving it leave to amend. Clearly, on this record, we conclude that Heritage failed to preserve this issue for appellate review. See Vorbeck v. Betancourt, 107 So. 3d 1142, 1147-48 (Fla. 3d DCA 2012) (finding that the plaintiffs failed to preserve for appellate review the trial court's dismissal of their complaint with prejudice where the plaintiffs did not object to the court's oral ruling, seek leave to amend the complaint, or file a motion for rehearing or reconsideration).

---

[3] The attorney who argued on behalf of Heritage at oral argument neither represented Heritage in the lower proceedings, nor initially represented Heritage in this appeal. Heritage changed its attorney of record after its Initial Brief had been filed. For their part, the Romanaches filed no Answer Brief in this matter and, as a consequence, were precluded from participating in oral argument.

We therefore turn to Heritage's second argument, which is that its petition stated a valid cause of action for declaratory relief. In addressing this issue, we apply the *de novo* standard of review. <u>See</u> <u>Sarkis v. Pafford Oil Co.</u>, 697 So. 2d 524, 526 (Fla. 1st DCA 1997) ("Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, a ruling on a motion to dismiss for failure to state a cause of action is reviewable on appeal by the *de novo* standard of review.").

As with any party, Heritage may seek a declaratory judgment as to the existence or nonexistence of "any immunity, power, privilege or right" ***or*** of "any ***fact*** upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future." § 86.011, Fla. Stat. (2015) (emphasis added). The trial court may adjudicate the existence or nonexistence of such fact "whether or not further relief is or could be claimed." <u>Id.</u> Put another way, "the courts have the general power to issue declaratory judgments . . . in suits ***solely*** seeking a determination of any fact affecting the applicability of an 'immunity, power, privilege, or right.'" <u>Higgins</u>, 894 So. 2d at 12.

Albeit wandering and disjointed, Heritage's petition essentially calls into question the impartiality of the chosen umpire and the integrity of the appraisal process in this case. From its five counts and seventy paragraphs (not including

7

sub-paragraphs and "Wherefore" clauses), we can cobble together a sufficient claim where Heritage is seeking a determination of whether the chosen umpire was, in fact, "competent and impartial" as required by the subject policy; this is a fact that *might* affect the existence or nonexistence of some immunity, power, privilege or right of Heritage.  Thus, we hold that Heritage has stated a cause of action for declaratory relief to the extent that Heritage is seeking to determine whether the appointed umpire was, in fact, competent and impartial as required by the policy.  See id. ("[A]n insurer may pursue a declaratory action which requires a determination of the existence or nonexistence of a fact upon which the insurer's obligations under an insurance policy depend.").

At best, the hearing transcripts indicate that the trial court was somewhat concerned with the relief Heritage could obtain against the Romanaches should the court declare that the umpire was not competent and impartial.  Indeed, at one point, the trial court suggested that the insurer might "just have a claim against the umpire and/or the appraiser for not acting properly and not doing their job."  As the record provides no clarity that this was the basis for the instant dismissal, we simply note, without finding any error by the trial court, that chapter 86 provides not only that the trial court may render a declaratory judgment "whether or not further relief is or could be claimed," § 86.011, Fla. Stat. (2015), but also that

8

"[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief." § 86.111, Fla. Stat. (2015).[4]

## Conclusion

Given the present posture of this case, we stress that the ***only*** issue we consider on this appeal is whether Heritage has stated a valid cause of action for declaratory relief in its petition. We hold only that, for the reasons stated herein, Heritage's petition has validly invoked the trial court's declaratory jurisdiction to determine the fact of whether the appointed umpire was competent and impartial as required by the policy. In so holding, we express no opinion as to any relief Heritage might claim should it obtain a determination that the umpire was not competent and impartial.[5]

Accordingly, we reverse the instant dismissal order and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

[4] Importantly, though, we express no opinion as to whether the remedy sought by Heritage in its petition (i.e., a new appraisal process) is available in the event the trial court determines the appointed umpire was not competent and impartial. That issue is not before us.

[5] At oral argument, Heritage's current counsel candidly declined to specify what relief Heritage could seek under its petition, as pled. We appreciate counsel's candor on this point.

9