# Third District Court of Appeal
## State of Florida

Opinion filed June 2, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1853
Lower Tribunal No. 19-1792
_____

**Mandarin Lakes Community Association, Inc.,**
Appellant,

vs.

**Mandarin Lakes Neighborhood Homeowners Association, Inc., et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., and Oscar Rodriguez-Fonts, Judges.

Becker & Poliakoff, P.A., Adam Cervera, Lilliana M. Farinas-Sabogal, and David H. Rogel, for appellant.

Siegfried Rivera, Joseph A. Miles, Zachary T. Smith, and Nicholas D. Siegfried; Wallen Kelley, and Todd L. Wallen, for appellee ML Services, LLC.

Before LOGUE, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Mandarin Lakes Community Association, Inc. ("MLCA"), challenges a final order dismissing its claims against appellees, ML Services, LLC and Mandarin Lakes Neighborhood Homeowners Association, Inc. ("MLNHA"). Finding the well-pled allegations of the operative complaint sufficiently state a cause of action for declaratory relief, we affirm in part and reverse in part.

**BACKGROUND**

MLCA brought an action for declaratory relief and reformation against ML Services and MLNHA, seeking a determination of the parties' respective rights and obligations under an "evergreen contract." See Evergreen Contract, Black's Law Dictionary (11th ed. 2019) ("A contract that renews itself from one term to the next in the absence of contrary notice by one of the parties."). Distilled to its essence, the operative complaint alleged MLCA and ML Services executed an integrated telecommunications services contract providing for an initial ten-year term, and, in the absence of a ninety-day notice of termination, automatic five-year extensions.[1] The cost of the contract was to be borne by individual homeowners in the Mandarin Lakes community through assessments imposed by MLNHA.

---

[1] The developer was originally a party to the contract, but, upon turnover, it was "released and discharged from . . . any and all of [its contractual] duties and obligations."

After the parties performed under the initial term of the contract, MLCA generated a ninety-day written notice of termination and served it upon ML Services. ML Services rejected the notice as "improper" and continued to both provide services and demand remuneration. Aligning itself with MLCA, MLNHA contended the contract was terminated and refused to tender further payment.

In the first count, MLCA sought declaratory relief "in order to determine whether the Agreement was canceled properly, and what obligations are still owed (in relation to same) by the [p]arties." Alternatively, in the second count, it sought reformation to substitute MLNHA as the beneficiary of the contract. ML Services successfully moved for dismissal, and the instant appeal ensued.

**ANALYSIS**

When considering a motion to dismiss, the trial court "must look only to the four corners of the complaint including the attachments; and the allegations contained therein should be taken as true without regard to the pleader's ability to prove them." Coriat v. Glob. Assurance Grp., Inc., 862 So. 2d 743, 743 (Fla. 3d DCA 2003) (citation omitted). We review de novo "whether the complaint alleges sufficient ultimate facts, which under any theory of law, would entitle a plaintiff to the relief sought." Cohen v. Am.

3

Home Assurance Co., 367 So. 2d 677, 681 (Fla. 3d DCA 1979) (citation omitted).

We affirm, without discussion, the dismissal of the reformation count and focus instead on the claim for declaratory relief. See 19650 NE 18th Ave. LLC v. Presidential Ests. Homeowners Ass'n, Inc., 103 So. 3d 191, 194 (Fla. 3d DCA 2012) ("A court may not rewrite a contract to add language the parties did not contemplate at the time of execution.") (citations omitted); 66 Am. Jur. 2d Reformation of Instruments § 47 (2021) ("In the reformation of a written instrument to conform it to the parties' mutually intended antecedent agreement, correcting material variances attributable to the parties' mutual mistake of fact or law, or the fraudulent or inequitable conduct of one party, a court of equity does not have the power to add a party to a contract or substitute parties to a contract where the effect may be to make a new contract.") (footnotes omitted).

"The circuit courts of Florida have been authorized to render declaratory judgments and decrees in certain cases since 1919." David L. Dickson, Declaratory Judgments in Florida: Jurisdiction and Judicial Discretion, 27 U. Miami L. Rev. 47, 47 (1972) (footnote omitted). Although the laws governing declaratory judgments have evolved substantially over time, "the granting of such relief remains discretionary with the court, and not

the right of a litigant as a matter of course." Kelner v. Woody, 399 So. 2d 35, 37 (Fla. 3d DCA 1981) (citations omitted). The authority to decline to adjudicate a claim, however, is exercised independently of the duty to determine whether "a plaintiff has sufficiently pleaded the essential elements for a declaratory action." Ribaya v. Bd. of Trs. of City Pension Fund for Firefighters & Police Officers in City of Tampa, 162 So. 3d 348, 353 (Fla. 2d DCA 2015).

Today, the general use of declaratory actions is permitted by chapter 86, Florida Statutes. Such actions include "the resolution of a doubt or the removal of a peril, rather than redress for an injury already inflicted." Dickson, supra, at 60. As relevant here, section 86.021, Florida Statues, provides:

> Any person claiming to be interested or who may be in doubt about his or her rights under a . . . contract . . . or whose rights, status, or other equitable or legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under such . . . contract . . . or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.

Courts are authorized to construe a contract "either before or after there has been a breach of it." § 86.031, Fla. Stat. In this same vein, any declaratory judgment "may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened." § 86.051, Fla. Stat.

5

In accord with these principles of law, a complaint for declaratory relief must allege that:

> (1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or nonexistence of some right, status, immunity, power or privilege, or as to some fact upon which existence of such a claim may depend; (3) the plaintiff is in doubt as to the claim; and (4) there is a bona fide, actual, present need for the declaration.

Ribaya, 162 So. 3d at 352 (citation omitted).

In the instant case, the trial court correctly recognized the potential for misuse of the declaratory judgment process. Our legislature never intended, and lacks the power to, allow declaratory judgment procedures as a vehicle for obtaining advisory opinions. For this reason, "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury." Donovan v. Okaloosa Cnty., 82 So. 3d 801, 806 n.2 (Fla. 2012) (citations omitted).

Here, however, in the operative pleading, MLCA described a stalemate resulting from the parties' uncertainty regarding their respective rights under the contract. Contending it properly cancelled the contract, MLCA sought to discontinue services. At the same time, ML Services refused to suspend services and continued to demand payment. As a result of the impasse, MLNHA then threatened to stop funding the contract. These allegations

6

were sufficient to demonstrate that harm was imminent, thus, the controversy was bona fide and sufficiently ripe, rather than merely theoretical, and declaratory relief would imbue all with a sense of certainty.

Under these circumstances, we conclude MLCA's declaratory relief claim adequately stated a claim for relief. See Heritage Prop. & Cas. Ins. Co. v. Romanach, 224 So. 3d 262, 265 (Fla. 3d DCA 2017) (confining review on a motion to dismiss a declaratory judgment action to whether the complaint contains well-pled allegations); Romo v. Amedex Ins. Co., 930 So. 2d 643, 648 (Fla. 3d DCA 2006) ("A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor.") (citations omitted); see also United Servs. Auto. Ass'n v. Setchfield, 384 So. 2d 34, 34 (Fla. 2d DCA 1980) ("Since in the case at bar the validity and effectiveness of the endorsement or instrument allegedly terminating the insurance contract is at issue, the same is a proper subject for declaratory judgment."); Emerald Grande W. Condo. Ass'n, Inc. v. Abrams, 290 So. 3d 1057, 1058 (Fla. 1st DCA 2020) ("The plaintiffs, including the Association, asserted that the Association has the authority under Florida law to terminate a contract with the management company[.] . . . By its complaint, the Association sought a

7

ruling as to the legality of a provision in the Declaration of Condominium. Such relief is precisely the sort of relief intended by an action for a declaratory judgment.") (citation omitted).  Thus, we reverse and remand for further proceedings.[2]

Affirmed, in part; reversed, in part.

---

[2] As our review is confined to whether the complaint stated a cause of action, we express no opinion on whether relief should ultimately be afforded.  See Ribaya, 162 So. 3d at 352 ("A complaint can be legally sufficient even if the plaintiff ultimately loses the case on its merits.") (citations omitted); see also Travelers Ins. Co. v. Emery, 579 So. 2d 798, 802 (Fla. 1st DCA 1991) ("All the criteria necessary to permit the lower court to consider Travelers' petition for declaratory judgment were satisfied, and the lower court erred in adjudging the petition to be 'premature.'  We express no opinion regarding whether the policy exclusion at issue applies to the facts alleged or not.").